### SOUTHERN RY. CO. v. SARRATT.

1. CLAIM AND DELIVERY—TRESPASS.—AN OFFICER seizing the wrong
   property under a valid process, or acting under a void process, is
   liable to an action in claim and delivery, or for trespass.
2. IBID.—LIEN WARRANT—RENT.—A third party claiming property
   seized by an officer under lien warrant for rent, may maintain action
   in claim and delivery for its possession.
3. JURISDICTION—IBID.—IBID.—A MAGISTRATE has jurisdiction to issue
   a lien warrant, for rent under $100 in amount.

Before BUCHANAN, J., Cherokee, fall term, 1899.   Re-
versed.

Action in claim and delivery by Southern Railway Co. against I. G. Sarratt and Robert F. Gibson. From judgment for defendants, plaintiff appeals.

*Messrs. Duncan & Sanders,* for appellant, cite: *Claim and delivery proper remedy:* Code, 255a; Rev. Stat., 2522. *Mrs. Huskey had prior lien:* Rev. Stat., 2518. *Can magistrate issue lien warrant for rent?* Rev. Stat., 2518.

*Mr. J. C. Jeffries,* contra, cites: *Remedy is giving bond in original proceeding:* 55 S. C., 499; Rev. Stat., 2522a; 22 Stat., 197. *And all others are merged into it:* 33 S. C., 417. *Magistrate has jurisdiction to issue the warrant here:* 55 S. C., 499; 22 Stat., 197; 45 Cal., 38.

June 30, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action of claim and delivery for the purpose of recovering the possession of two bales of cotton, or in lieu thereof its value, alleged to have been taken from the possession of the plaintiff by the defendant, Gibson. There was testimony tending to show that the cotton in question was grown upon the lands of Mrs. M. E. Huskey, which she had rented to one Wyatt, who seems to have transferred his lease to W. C. Lipscomb, who sublet the place to one Walker. The cotton seems to have been delivered (by whom does not appear) to Mrs. Huskey in payment of the rent due her, and was afterwards bought by one J. D. Jones, on the 26th of October, 1898, who on that day sent it to the depot of the plaintiff company for shipment to Clifton, and on the morning of the next day, the 27th of October, received a bill of lading for the same from the plaintiff. On the afternoon of the 27th of October, the cotton was seized by the defendant, Gibson, under a warrant issued by the defendant, Sarratt, who was a magistrate, at the instance of the said W. C. Lipscomb, directed to the said Gibson, as a special constable, requiring him to seize and sell the crop of one Walker, or so much thereof as may be neces-

sary to pay the rent alleged to be due said Lipscomb by the said Walker. Thereupon the present action was commenced by the plaintiff. The case came on for trial before his Honor, Judge Buchanan, and a jury. At the close of the testimony for the defense, counsel for defendants demurred to the evidence, which the Court held to be, practically, a motion for a nonsuit; which not being sustained, defendants then demurred to the complaint on the ground that the facts stated therein are not sufficient to constitute a cause of action, in that an action of "claim and delivery is not a proper proceeding to be brought for the recovery of possession of property which has been seized by an officer under a warrant to enforce a lien, whether it be a rent lien or for supplies." But as the complaint does not show on its face that the defendants were officers, or that the cotton was seized under a warrant to enforce a lien for rent, the demurrer could not be sustained. The plaintiff then proceeded to examine Mrs. Huskey in reply, for the purpose of showing when and from whom she received the cotton in question for the rent due her; when, upon objection to some of the questions propounded to this witness, a colloquy between the Court and counsel resulted in a ruling by the Circuit Judge, expressed in the following language: "It is utterly immaterial who this cotton belongs to or didn't belong. If that was the same cotton that was grabbed by the trial justice, it is utterly immaterial whom the cotton belongs to. My idea is this: if the jury comes up here with a verdict for the plaintiff, I would have to set it aside for this reason: Here is a magistrate, and here is a constable. They don't claim any interest at all; they don't say they have any interest at all, but they justify the proceedings, which is regular on its face, or what purports to be regular, a warrant. Nobody sets up any claim for them at all. It turns out they have taken two bales of cotton, rightfully or wrongfully in possession of the railway company, under a lien warrant. The railway brings an action for claim and delivery. There was a summons attached, showing an action had been commenced against

somebody. (If by this, his Honor means that there was a summons attached to the affidavit and lien warrant, he is manifestly mistaken, for no such summons appears in the record before us, and we are unable to see any place for it, as a summons is never attached, so far as we are informed, to the papers issued to enforce a lien either for rent or for agricultural supplies.) Well now, that is taken up under the proceedings. Now suppose it was absolutely void, are magistrates to be kicked and cuffed about that sort of way, and should they be made to guarantee the title of any property they may grab or seize under warrant? I do not think so. Now my idea is that there ought to be a verdict directed by the Court." Accordingly, the Circuit Judge directed a verdict in favor of the defendants, which was accordingly rendered, and judgment having been entered thereon, the plaintiff appeals upon the several exceptions set out in the record, which need not be stated in detail here.

In the first place, it seems to us clear that the Circuit Judge erred in directing a verdict in this case, for the testimony certainly raised material issues of fact, which it was necessary for the jury to pass upon. Indeed, this seems to have been the view of the Circuit Judge, as indicated by what he said in refusing to sustain the motion for a nonsuit. We need not, however, pursue this inquiry further, as the Circuit Judge seems finally to have based his ruling that this was a proper case to direct a verdict, upon the grounds that an action of this kind, no matter what the facts may be, could not be maintained against a public officer, who has seized and taken into his possession property under a warrant to enforce a lien for rent, even though the party from whom the property is taken was rightfully in possession of such property, and even though the proceedings to enforce the lien were absolutely void. We cannot subscribe to any such novel and, as it seems to us, dangerous doctrine. The Circuit Judge gives no definite reason for such a ruling, but he seems to think that because the officer had and claims no personal interest in the matter, and is simply executing the

process of law, that he should not be liable to an action, as he could not be required to guarantee the title of any property which he may seize under legal process. It never was doubted, so far as we are informed, that if a sheriff, one of the highest executive officers of the State, should, under a perfectly valid execution against A., seize the property of B., he would be liable as a trespasser to an action at the instance of B. Indeed, our reports prior to the war between the States, are full of cases in which actions of this kind were maintained. If, therefore, it should be made to appear upon investigation that the cotton seized and taken from the possession of the plaintiff, did not belong to Walker, or constituted no part of the crop raised by him on the rented premises, or for any other reasons was not subject to the lien in favor of Lipscomb for rent, then the lien warrant would afford no justification whatever for such seizure, for the warrant only directed the seizure of "the crop of Rob Walker covered by the rent lien of W. C. Lipscomb."

It is contended, however, by counsel for respondent that the ruling of the Circuit Judge should be sustained upon another ground, which, so far as appears, does not seem to have been taken in the Circuit Court, and, therefore, is not properly before us, inasmuch as no notice, as required by the proper practice, seems to have been given that respondents would ask this Court to sustain the judgment upon a ground other than that upon which the Circuit Judge rested his judgment. But as no objection has been raised by counsel for appellant, we will waive any objection on the part of the Court, and consider the question presented by this additional ground. The contention on the part of the counsel for respondent is that this action cannot be maintained, because, by statute, another remedy exclusive in its nature has been provided for a case like this. Waiving any inquiry whether such remedy, even if applicable in a case like this, is exclusive, for the reason that we do not think it applicable, we shall proceed to show that it is not applicable to this case. The statutory provisions referred to is found in sec. 255a of

the Code, which reads as follows: "If the person in whose possession such property shall be attached shall appear at the return of the writ and file his answer thereto, and deny the possession or control of any property belonging to the defendant, or claim the money, lands, goods and chattels, debts and books of account, as creditor in possession, or in his own right or in the right of some third person, or if any part of the said property be claimed by any other person than such defendant; then, if the plaintiff be satisfied therewith, the party in possession shall be dismissed, and the plaintiff pay the costs of the action. But if the plaintiff shall contest the said return or the claim of said third person, an issue shall be made up under the direction of the Judge to try the question, and the party that shall prevail in said issue shall recover the costs of such proceedings of the opposite party, and judgment shall be given accordingly." And it is contended that, by virtue of the provisions of sec. 2519 of the Rev. Stat. of 1893, requiring that the affidavits and statements to be used to obtain a warrant to enforce an agricultural lien, "shall conform as nearly as may be to the practice regulating the issuing of warrants of attachment under the Code of Procedure," the only mode of proceeding, which a third person in whose possession personal property is seized under a warrant to enforce an agricultural lien, or a lien for rent of land, can adopt to assert his right to the property so seized, is that provided for in sec. 255a of the Code; and, therefore, that an action of claim and delivery for such property cannot be maintained. In the first place, that section is found in the chapter of the Code intended to provide for and regulate proceedings by attachment, which was a distinct and well recognized remedy prior to the adoption of the Code, and prior to any statute providing for agricultural liens and the means of enforcing the same for lien for rent of land, except by distress warrant. In the next place, the phraseology used in sec. 255a of the Code manifestly shows that the provisions of that section apply only to proceedings by attachment and not to proceedings for enforcing an agricultural lien or a

landlord's lien for rent, except in so far as relates to the affidavits and statement upon which the application for a warrant to enforce such liens are based. This has been expressly held in *Sharp* v. *Palmer,* 31 S. C., where, at pages 452-3, it is said by the Court: "It will be observed that the act of 1885 (which is the act from which sec. 2519 of Rev. Stat. is taken) does not, as seems to be supposed by counsel for appellant, require that the *practice* in enforcing a lien shall conform to the practice under the attachment law, but the requirement is 'that *the affidavit* and *statements* to be used to obtain such warrants of seizure shall conform as nearly as may be to the practice regulating the issuing of warrants of attachment.' The only conformity required is in the affidavit and statements, not in the subsequent proceedings." Indeed, the two proceedings are so wholly different in their nature and effects that it would be practically impossible to make the one conform to the other, except in the nature and character of the affidavit, which is the initial act in each proceeding, and that is all that the act of 1885, from which section 2519 of the Rev Stat. is taken, undertakes to require. This view is recognized in *Baum* v. *Bell,* 28 S. C., at page 209, and in *Monday* v. *Elmore,* 27 S. C., 126. We do not think, therefore, that the contention on the part of counsel for respondent can be sustained. Besides, what seems to us to be conclusive of this matter, by section 2522 of the Rev. Stat. of 1893, even a person whose crops have been seized under a lien warrant is expressly authorized, "upon entering into bond, in accordance with the provisions of law now of force, in regard to actions for claim and delivery of personal property, to recover immediate possession of the crop or crops so seized." And if so, surely a third person, in whose hands personal property is found and seized, which it is claimed is subject to the lien, may also, upon executing the required bond, as seems to have been done by the plaintiff in this case, likewise bring an action to recover the immediate possession of the same.

The appellant, by the twelfth exception, which is insisted

on in argument here, has raised another question, which though not necessary to the decision of the present appeal, may become important upon the new trial, which we feel bound to order, and, therefore, may as well be decided now.

That exception makes the point that a magistrate has no jurisdiction to issue a warrant to enforce a lien *for rent*. When the agricultural lien law was originally passed, a magistrate had no jurisdiction to issue a warrant for the enforcement of an agricultural lien. But by the act of 1884, 18 Stat., 751, it was provided in the first section that a trial justice (now a magistrate) shall have jurisdiction to issue a warrant to enforce a lien for advances made for agricultural purposes, in cases where the amount of such advances do not exceed the sum of one hundred dollars. And in the second section of that act it is provided as follows: "That every landlord, leasing lands for agricultural purposes, shall have the right to enforce his liens for rent in the same manner, upon the same conditions, and subject to the restrictions as are herein provided for persons making advances for agricultural purposes." Now, while it is true that provisions of sec. 2 of the act of 1884, just quoted, are not incorporated in sec. 2518 of the Rev. Stat. of 1893, which substantially embodies the provisions of sections 1 and 3 of the act of 1884, yet the provisions of sec. 2 of that act are substantially incorporated in sec. 2512 of the Rev. Stat.; and hence we think that a magistrate is authorized to issue a warrant for the enforcement of a lien for rent, as well as for advances for agricultural purposes, provided the amount for rent claimed shall not exceed the sum of one hundred dollars. Whether the defendant, Sarratt, the magistrate who issued the warrant for the seizure of the property in question, can be held liable in this action, depends upon circumstances not now before us, and that question will not now be decided.

The judgment of this Court is, that the judgment of the Circuit Court be reversed, and the case remanded to that Court for a new trial.