7869

DICKS v. NIMMONS.

NIMMONS v. DICKS.

AGRICULTURAL LIEN—CLAIM AND DELIVERY.—A sheriff, who has seized crops under an agricultural lien warrant, has no authority to return them to the owner on his bringing an action in claim and delivery for them and executing a bond in that proceeding.

Before PRINCE, J., August, 1908, and SEASE, J., April, 1910, Barnwell. Affirmed.

Proceeding by R. W. Dicks against William Nimmons to enforce agricultural lien; and action by William Nimmons against R. W. Dicks, F. H. Creech, sheriff. The sheriff appeals.

*Mr. B. T. Rice,* for appellant.

*Messrs. Bates & Simms,* contra, cite: *Failure to perfect appeal from Judge Prince's order renders that judgment final:* 21 S. C. 245; Code of Proc., 11 sub. 1. *Statutory provision is exclusive:* 2 Hill's Ch. 9; 1 McC. 120. 181; 30 S. C. 533

April 21, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. On October 14, 1907, R. W. Dicks began a special proceeding, first entitled above to foreclose an agricultural lien for advances upon the crop of William Nimmons, which was in all respects regular, directed to F. H. Creech, the appellant, as sheriff of Barnwell county, under which proceeding the sheriff seized the crops of Nimmons.

After seizure Nimmons, in the case second entitled above, brought an action of claim and delivery against the sheriff and R. W. Dicks, for the possession of said crops, in which

action the sheriff took a bond from Nimmons and turned over the crops to him. Afterwards, upon a rule to show cause issued against the sheriff, Judge Prince, after hearing, made an order holding that the sheriff violated his duty in turning the crops over to Nimmons and was liable for the value of the same, and referred the case to the master to ascertain the said value. Upon the coming in of this master's report Judge Sease rendered judgment against the sheriff for two hundred and forty dollars and thirty-three cents, the net value of the crops.

The sheriff appeals from both orders. The controlling question is whether the sheriff breached his duty in turning over to Nimmons in the claim and delivery action the crops seized in the proceedings to enforce the agricultural lien. We agree with Judge Prince that the sheriff acted without authority.

According to the facts stated in the record the bond said to have been taken by the sheriff was not given pursuant to section 3067, volume I, Civil Code, which alone gives the lienor the right to give bond to recover the immediate possession of the crops seized. This remedy excludes any remedy by the action of claim and delivery in behalf of the lienor. The affidavit in claim and delivery must state that the property was not seized under execution or attachment against the property of plaintiff, and it is manifest that a lienor whose property is seized and in the hands of the sheriff under a warrant of attachment could not proceed by that remedy. Whether a third party, claiming the property, could proceed by an action to recover possession is a different question. *Railway Company* v. *Sarratt,* 58 S. C. 104, 36 S. E. 504. The statute, section 3063, provides how the lienor shall proceed in case he disputed the amount claimed. Section 3064 provides for motion to vacate the attachment, and section 3067 provides how immediate possession may be obtained by giving bond.

The judgment of the Circuit Court is affirmed.