### PEEPLES v. BROWN.

1. TRESPASS—A COMPLAINT states a cause of action when it alleges that defendant on the public highway seized plaintiff's team and wagon, with its contents, and took them off and detained them.
2. IBID.—IBID.—DAMAGES.—Damages claimed for an alleged trespass, and the kind and amount of damages form no part of plaintiff's cause of action, and cannot be considered in determining the question raised by a demurrer to the complaint for alleged failure in stating facts sufficient to constitute a cause of action.

Before IZLAR, J., Barnwell, November, 1893.

Action by Lizzie Peeples against Jennie Brown and D. P. Lancaster, commenced July 20, 1893.

*Messrs. Patterson & Holman,* for appellants, contended that there were no damages alleged in the complaint resulting from acts for which the defendants were responsible; that the allegations were intended to make a case for exemplary damages, and, therefore, the allegations as to actual damages cannot be considered, while those which are relied upon for exemplary damages are too remote.

*Mr. James E. Davis,* contra.

July 27, 1894. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The only question raised by this appeal is whether the Circuit Judge erred in overruling a demurrer, based upon the ground that the facts stated in the complaint are not sufficient to constitute a cause of action. To determine this question, it is proper to set out here the allegations of the complaint, which are as follows: "1st. That on the 16th day of July, A. D. 1893, the plaintiff was, and is now, the owner of a lot of household furniture, and as such, was on said day engaged in hauling the same from her former house in Barnwell, S. C., to her present home near Millett, S. C. 2d. That while so engaged as aforesaid, and while plaintiff's wagons were loaded with said furniture, and quietly driving along the public highway, the defendant, Jennie Brown, wilfully, wrongfully, unlawfully, and maliciously caused the said wagons of the plaintiff to be overtaken by her co-defendant, D. P. Lancaster, four or five miles from the town of Barnwell, seized the said wagons, containing said furniture, and compelled all of them to return to Barnwell with him, and there, on the public streets of said town, in the face of the gaze, ridicule, and jibes of the public, defendants unloaded a portion of said furniture, and locked it in a building in said town, and detained the wagons, teams, and balance of said goods of the plaintiff in said town for a considerable time, before they were released and allowed to proceed on their way. The plaintiff, complaining further, alleges: 3d. That by reason of the facts set forth above, the plaintiff was greatly delayed in the effort to get her furnitue home, that the said goods were ruined by water, caused by being overtaken by a severe rain storm, which would not have happened had it not been for the action of the defendants as aforesaid. 4th. That the defendants have since returned the portion of the furniture taken by them to the plaintiff in a greatly damaged condition, and the plaintiff again had the misfortune of having said furniture carried through a severe rain, which greatly damaged the said property. 5th. That the acts of the defendants were willful and malicious, and has greatly outraged plaintiff's feelings, and exposed her to the jibes, taunts, and ridicule of the public, and she has thereby been damaged in the sum of two thousand dol-

lars.   Wherefore, plaintiff demands judgment against defendants for two thousand dollars damages and costs."

We agree with the Circuit Judge that the facts stated in this complaint are quite sufficient to constitute a cause of action. It will scarcely be denied that where a complaint contains allegations, which, if true, show that a defendant has committed a trespass upon the rights, either of person or property, of the plaintiff, it would not be amenable to such a demurrer as this.   Now if the facts stated in this complaint are true (and for the purposes of this inquiry they must be so regarded), we do not see how it can be doubted that such facts show that the defendants have committed a most unprovoked and willful trespass upon the property of the plaintiff. If it is not a trespass for one person to stop and seize the wagons and teams of another on the public highway, take the same, as well as the contents of the wagons, from the possession of the owner, and detain them even for a single hour, we confess, it would be difficult to find any milder term than trespass to characterize such conduct.   But it seems to us so plain that the facts alleged in the complaint are sufficient to constitute a cause of action, that we find it difficult to discuss further so plain a proposition.

What is said in the appellants' argument as to the question of damages, seems to us premature, for that is a matter which will be considered when the case comes to be tried on its merits.   The damages which a plaintiff may have sustained by reason of the violation of his legal rights constitute no part of his cause of action, and, therefore, whether the plaintiff has sustained any damages, and if so, of what kind and to what amount, cannot properly be considered in determining the question whether the complaint states facts sufficient to constitute a cause of action.   See *Levi & Legg* v. *Bell*, 23 S. C., at page 285.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.