## PRATER v. WILSON.

1. JURIES AND JURY TRIALS—HARMLESS ERROR—AGRICULTURAL LIEN—CHARGE.—When an agricultural lien and the proceedings to enforce it are put in evidence as a collateral fact and no objection to them is suggested, and no requests to charge with reference thereto are submitted, the Judge does not commit reversible error by not construing them, and in leaving their effect to the jury.

2. AGRICULTURAL LIEN.—Proceedings to enforce an agricultural lien in which the affidavit has no jurat, and the bond no surety, are void.

3. AFFIDAVIT—EVIDENCE.—Can omission of signature of officer to jurat be supplied by proof *aliunde?*

4. EVIDENCE—PERSONAL PROPERTY—CONVERSION OF—DAMAGES—REPLY—AGRICULTURAL LIEN.—In an action for damages for conversion of cotton, defendant relying on agricultural lien and proceedings to foreclose it, plaintiff may show in reply that such lien and foreclosure proceedings are void.

Before KLUGH, J., Anderson, October, 1898. Affirmed.

Action by Thomas H. Prater against J. S. Wilson and W.

B. Williams for conversion of cotton. So much of the charge as bears upon the questions at issue is as follows:

This is a suit by Thomas H. Prater against Wilson and Williams, in which he sues for damages for the conversion on the part of these defendants, as he alleges, of certain property of his. In his complaint he alleges that he was the owner and in peaceable possession of certain cotton, and that these defendants, Wilson and Williams, took this cotton from his possession with force and violence, maliciously, and with a high hand and defiant spirit, and converted this cotton to their own use, to his damage of $5,000, and he brings his action against them demanding judgment for $5,000. The defendants answer, denying his claim, and they also as a defense allege that the cotton which they took was the property of certain other parties, to wit: one Morgan and Reeves, and that it was under lien; and that it was taken by them under legal process, which was warranted by the lien; that the seizure was under legal procedure, in order to satisfy the lien which they held, or which Wilson held. Therefore, they claim that the seizure of the cotton and conversion of it was legal, and that they have not damaged the plaintiff, and ask that his complaint be dismissed. Now the plaintiff is required to prove by the preponderance of the evidence that this was his cotton; that he had the title to it; that he was in possession of it either by himself or by his tenant in possession of it; and that these parties took it from his possession and converted it to their own use. If he establishes these facts by the preponderance of the evidence, it makes out his case for conversion of his property, and he is entitled to recover damages. In order to recover more than the actual damages, he is required to prove by the preponderance of the evidence, that not only did they take the property out of his possession, as he alleges, but that they did it with the intention to commit a wrong, that they did it maliciously, thereby intending to wrong him, or that they did it knowingly and recklessly, without regards to his rights. If he establishes these facts by the preponderance of the evi-

dence, then he is entitled to recover, he is entitled to a verdict at the hands of the jury.

The defense is required under its allegations to establish by the preponderance of the evidence that the cotton which they so seized was the property of Morgan—Reeves apparently not being concerned in this cotton, though his name appears in the answer; that is, was subject to the lien of the defendant, that it was seized under valid process. In order to establish that defense, Mr. Foreman and gentlemen, it will be necessary for you to consider certain legal propositions, and to apply them to the facts of the case as you find them. The facts are exclusively for you to determine from the evidence in the case. When a person owns land, and he makes a contract with another person by which the one agrees to furnish the land, the implements for cultivating the land, the seed for planting it, the fertilizer for manuring it, the supplies for the support of the party cultivating it, and agrees to pay, to give to the party so cultivating it a part of the crop, or any other compensation for his labor in cultivating, the relation thereby arises of land owner and laborer, or master and servant. But if a person goes to another who is the owner of land and agrees with him to cultivate the land which he owns, and to furnish to and pay to the owner a certain compensation, whether it be a part of the crop, or other compensation for the use of his land, the relation there arises of landlord and tenant—the landlord or owner of the land surrendering for the time being his possession of the land to his tenant, and receiving in return a compensation for surrendering the possession, which in common language is called rent. No matter what else he agrees to furnish by the terms of the contract, if the relation of landlord and tenant exist, then the compensation to be rendered by the tenant is known to be rent. Now, where the first supposed case exists where the landowner hires another to labor for him, the laborer has no title in the product of his labor, the crop that is produced is wholly the property of the landowner; and the laborer not having title

to the crop, can not furnish a lien on the crop, he thus under the statute has a lien on the crop for his hire, but he can not create a lien upon the property which he has no title to. On the other hand, where the relation of landlord and tenant exists, the ownership of title to the property, the crop, the title of the crop is in the tenant, and the landlord, under the statute, has a lien for his rent created by the statute; but the owner who has title to the crop may create such liens in addition to the one the law creates for the landlord, and should he place any other liens, being by declaration of law, it is subject to the priority of the landlord's lien. So, Mr. Foreman, in this case you must determine from the evidence whether this was a contract between the plaintiff, Prater, and Morgan, of hiring and service, or a contract of landlord and tenant. If you conclude it was a contract of hiring and service, then the laborer, Morgan, had no right to give a lien, and although he had given what was in the form of a lien, it was a nullity, because he had no right to give a lien on what he did not own. On the other hand, if you conclude that the relation of landlord and tenant existed, then you can go further, and inquire whether or not he did give a lien to the defendant, Wilson. A lien must have certain requisites, under the statute laws of this State. An agricultural lien is a paper familiar to the gentlemen of this community. If Morgan had the right to give a lien, then you must inquire whether he gave a valid lien, whether it was a valid lien by which Wilson acted. If you conclude it was not a valid lien, for any reasons, then the action by Wilson and Williams in undertaking to enforce the lien was void, because they had nothing to go upon. If you conclude the lien was a valid warrant, then you must inquire whether or not the process under which they were acting was valid or void; and if you conclude from the evidence in the case that it was a valid process, then your next inquiry would be whether or not they seized the property that was covered by the lien. A man may be acting under a valid process, and yet if he seizes another man's property and not the property which

that process is directed against, and takes some other man's property, he is trespassing, is liable for damages. So it is a question of fact which the jury must determine. The fact that this matter has been in Court already—the Circuit Court pronouncing the procedure before Magistrate Wakefield null and void—leaves the question for you to determine, whether it is a case of landlord and servant. The question of facts are for you to determine from the evidence. The issues for you to determine are whether or not this is the property of the plaintiff; if so, whether or not it was seized wrongfully by the defendants and converted to their use.

From judgment for plaintiff, defendants appeal on the following exceptions:

"1. Because the Circuit Judge erred in charging the jury as follows: 'If Morgan had the right to give a lien, then you must inquire whether he gave a valid lien, whether it was a valid lien by which Wilson acted. If you conclude it was not a valid lien, for any reasons, then the action by Wilson and Williams in undertaking to force the lien was void, because they had nothing to go upon;' whereas he should have construed the liens, which were in writing, himself, charged the jury that they were valid liens, if they concluded that the relation of landlord and tenant existed between Prater and Morgan. 2. Because the Circuit Judge erred in charging the jury as follows: 'If you conclude the lien was a valid warrant, then you must inquire whether or not the process under which they were acting was valid or void;' whereas he should have construed the said process himself and charged the jury that it was valid or void. 3. Because the Circuit Judge erred in refusing to charge the jury at the request of the defendants as follows: 'That the plaintiff cannot complain of any irregularities in the affidavit, bond or other proceedings in the proceeding before the magistrate, Wakefield, he not being a party to said proceeding, or the lien of J. S. Wilson and the defendant, Morgan. Said proceedings having raised no such objections.' "

·   *Messrs. J. P. Carey* and *J. A. McCullough,* for appellant,
cite: *Error for Judge to submit construction of lien and
validity of process of foreclosure to jury:* 42 S. C., 58; 40
S. C., 31; 39 S. C., 383; 19 S. C., 124.   *Prater cannot com-
plain of irregularities in proceeding against Morgan and
bond given to him:* 43 S. C., 176; 17 S. C., 116.

*Messrs. Bonham & Watkins* and *Tribble & Prince,* con-
tra.   The former cite: *Proper execution and efficiency of
lien was never raised; if appellants desired jury to be in-
structed thereon, they should have so requested:* 46 S. C., 54,
409; 52 S. C., 444; 51 S. C., 120; 54 S. C., 293.   *Process of
foreclosure void where affidavit is not signed by official au-
thorized to administer an oath:* 46 S. C., 39; Rev. Stat.,
2517, 2518, 2519.   *Judgment will not be reversed for
harmless error:* 48 S. C., 43; 51 S. C., 401, 312; 52 S. C.,
488, 454, 309, 293.

July 6, 1899.   The opinion of the Court was delivered by
MR. CHIEF JUSTICE MCIVER.   This action was brought
to recover damages for the unlawful seizure and conversion
of two bales of cotton, alleged to be the property of the plain-
tiff.   While the defendants in their answer set up two de-
fenses: 1st, a general denial; and, 2d, that the cotton in
question was seized under lawful process, the latter seemed
to be the one really relied upon.   It seems from the testi-
mony that the cotton was made on the land of the plaintiff by
one S. A. Morgan, and the two bales in question had been
delivered to plaintiff at one Allgood's ginhouse, where it was
seized by defendants as a part of the crop of said S. A. Mor-
gan, under a warrant issued by a magistrate to enforce an
agricultural lien, which defendant claimed to have on the
crop of said Morgan, which warrant was placed in the hands
of the defendant, Williams, a constable, for enforcement.
A copy of the lien claimed by Wilson, bearing date the 13th
of July, 1897, which seems to be in the usual form, is set out
in the "Case," together with a paper styled an affidavit,

which, though signed by J. S. Wilson, does not purport to have been sworn to before any officer authorized to administer an oath. There is also a copy of the warrant issued by the magistrate and directed to the defendant, Williams, requiring him to seize and sell the crop of said S. A. Morgan, and apply the proceeds of such sale to the payment of a debt of $15, alleged to be due defendant, Wilson, together with a paper purporting to be a bond or undertaking in the usual form, signed by said J. S. Wilson alone, without security, likewise set forth in the "Case." It seems that the magistrate undertook to make up an issue to try who was entitled to the possession of the cotton seized under the warrant, "and whether S. A. Morgan and W. P. Reeves were tenants or hirelings of Thomas H. Prater for the year 1897, and whether J. S. Wilson has had valid liens on the crops of the said parties," which issue was tried before the magistrate without a jury, who found "that the said S. A. Morgan and W. T. Reeves were tenants and not hirelings, and, therefore, the said liens were valid." From this decision the plaintiff herein appeals, and the appeal was heard by his Honor, Judge Aldrich, who held that: "The magistrate was without jurisdiction to make or decide said issue;" and thereupon passed an order setting aside the decision of the magistrate as null and void. From this order there does not appear to have been any appeal. Whereupon the present action was brought, and came on for trial before the Circuit Judge and a jury, who found a verdict in favor of the plaintiff, and from the judgment entered on the verdict this appeal has been taken by defendants, based upon the several exceptions set out in the record, imputing errors and omissions to the Circuit Judge in his charge to the jury. For a proper understanding of the question raised by this appeal, it will be necessary for the Reporter to set out in his report of the case, a copy of the charge, and the exceptions thereto.

· The first exception, substantially, alleges error on the part of the Circuit Judge in not construing the lien himself, instead of leaving that question to the jury. While it is true

that the force and effect of the true construction of a written instrument is for the Judge and not for the jury to pass upon, yet where, as in this case, such an instrument is introduced and no objection to it is suggested, and the Circuit Judge is not requested to instruct the jury either as to its construction or as to its force and effect, we see no error in his omitting to do so. So far as we can discover, no objection was made or could have been made to the lien, so far as its form and execution was concerned; and there was no request to charge as to that matter. The only objection, so far as we can perceive, is that the lien being dated the 13th of July, 1897, it may have been executed *after* the supplies had been advanced, and if so, that would have been a question for the jury to determine; but, so far as we can discover, no such question was raised in the case, and no instructions to that matter were asked for. Indeed, the whole case shows that the real point of controversy in the case was whether Morgan bore such relation to the plaintiff as entitled him to give a lien—whether he was tenant or hireling—and that depended upon facts to be found by the jury. Reading the charge of the Circuit Judge as a whole, as the well settled rule requires, it is clear that the Circuit Judge, in using the language complained of in the first exception, only meant that the jury should inquire whether the alleged lienor, Morgan, under the testimony before them, was a tenant or hireling; and if they came to the conclusion that he was a tenant, then that they should find the lien valid; but if he was a hireling, then they should find the lien to be invalid, because given by a person not authorized to do so. For in that portion of his charge preceding the language complained of, he had explained to the jury what would constitute one a hireling, and what would constitute one a tenant; and had directed them as follows: "So, Mr. Foreman, in this case you must determine from the evidence whether this was a contract between the plaintiff, Prater, and Morgan, of hiring and service, or a contract of landlord and tenant." We do not think, therefore, that the first exception can be sus-

tained. The second exception is similar, in principle, to the first, as the complaint here made is that the Circuit Judge erred in leaving it to the jury to say whether the process issued to enforce the lien was a valid process; whereas he should have construed said process himself, and instructed the jury whether it was valid or void. Here again it does not appear that the Circuit Judge was requested to give the jury any instructions as to this point. If he had been so requested, he would have been obliged to have instructed the jury that the warrant was issued without authority and was, therefore, void, for two reasons: 1st. Because it appeared upon the face of the paper, purporting to be an affidavit, that it was not signed or sworn to before any officer authorized to administer an oath (*Doty* v. *Boyd,* 46 S. C., 39; 1 Ency. Pl. & Prac., 317). 2d. Because the undertaking, required as a prerequisite to the issuing of the warrant, was simply the obligation of Wilson without security, and did not, therefore, authorize the issuing of the warrant. So that even if there was error as complained of, it was harmless error. But there are cases referred to in the Ency. of Pl. & Prac., above referred to, which seem to hold that the omission of the signature of the officer to the paper styled an affidavit may be supplied by evidence *aliunde;* and if so, then the jury might inquire whether there was any such evidence in this case. It may be that such was the idea of the Circuit Judge in using the language complained of, and if so then the charge is not open to the exception taken. But in either view which has been presented we do not think there was any such error as would require a reversal of the judgment in this case. As we have remarked above, it is manifest from the examination of the testimony, which is fully set out in the case, as well as from the charge of the Circuit Judge, that the whole controversy turned upon the inquiry whether Morgan bore the relation of hireling or tenant to the plaintiff—practically, whether he could give a lien on the crop—and not upon any inquiry into the form or sufficiency of the lien or the

process issued to enforce it. If the jury found from the evidence under the instruction of the Circuit Judge, that Morgan was a hireling and not a tenant, then the question whether the lien or the process issued to enforce it was valid or invalid became not only a subordinate but a nugatory inquiry; for if Morgan had no right to give a lien, it did not matter whether such lien or the process issued to enforce it was, in form and substance, sufficient or insufficient.

As to the third exception, which imputes error to the Circuit Judge in refusing to charge defendant's fifth request, as there set out, we do not think it can be sustained. If this had been a motion to set aside the warrant issued to enforce the lien, then, possibly, the proposition embodied in the request might have some merit. But that is not the case. The defendants undertake to justify their seizure of the cotton in the possession of the plaintiff and claimed by him, under process issued to enforce an alleged lien on said cotton; and surely the plaintiff had a right, in rebuttal of such defense, to show that there was, in fact, no such lien, or that the process issued to enforce it, under which defendants claimed to have acted, was void, and, therefore, did not justify the seizure of the cotton. There was no error in refusing this request.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.