## ROSEMAND v. SOUTHERN RY.

Tort—Presumptions—Common Law—Pleadings—Fellow-Servant. —In the absence of allegations in an action arising in tort in another State as to the rule of law applicable to the facts underlying the cause of action, the Courts will presume that the common law prevails in that State. The doctrine of fellow-servant's risks is a common law doctrine.

Before Gary, J., Greenville, July, 1902.    Affirmed.

Action by J. C. Rosemand against Southern Ry.    From order of nonsuit, plaintiff appeals.

*Messrs. H. K. Townes* and *Blythe & Blythe,* for appellant, cite: *Courts will presume that common law prevails in sister State:* 6 Ency., 284.    *At common law, workman on a bridge gang is not a fellow-servant with servants on a train:* 2 Kent, 633; 1 McM., 385; 39 S. C., 507; 51 S. C., 79.    *Different department rule:* 18 L. R. A., 798, 811; 12 Ency., 972, 978; Con. 1895.    *Defendant cannot claim benefit of fellow-servant exemption here:* 51 S. C., 96, 222; 53 S. C., 363; 55 S. C., 103; 61 S. C., 478; 52 S. C., 443; 20 Ency., 132, 134; 48 L. R. A., 745; Thomp. on Neg., 975; 49 Neb., 475. *Only facts shoud be alleged, and they show negligence of foreman, and should have gone to jury:* Code of Proc., 163, 180; Pom. Code Rem., 73, 453, 517; 12 Ency. P. & P., 905, 1024; 14 Ency. P. & P., 37; 8 S. C., 104; 27 S. C., 323, 528.

*Mr. T. P. Cothran,* contra, cites: *Engineer was not negligent:* 57 S. C., 250.    *Plaintiff must stand on law of place of injury:* 15 N. E., 230; 61 Ia., 441; 45 Md., 40; 117 Mass., 109; 143 Mass., 301; 98 N. Y., 377; 23 N. Y., 465; 77 N. Y., 546; 18 L. R. A., 433; 48 Oh. St., 623; 89 Tenn., 235; 41 L. R. A., 614; 39 Kan., 56; 1 How., 28; 146 U. S., 657; Story Conf. L., sec. 609.    *Common law is presumed to be of force in sister State:* 62 N. E., 488; 44 L. R. A., 450; 27

S. C., 462; 26 S. C., 415; 45 S. C., 369; Wat. on Per. Inj., secs. 564, 565; 39 L. R. A., 535; 6 Ency., 2 ed., 282; 24 L. R. A., 548. *Plaintiff and engineer are fellow-servants at common law:* 154 U. S., 349; 162 U. S., 359; 14 A. & E. R. Ca. (N. S.), 575; 3 Wood. R. R., 1775; 39 S. C., 507; 51 S. C., 96; 25 S. C., 135; 40 S. C., 106. *If evidence shows plaintiff cannot recover, nonsuit is proper:* 23 S. C., 289; 29 S. C., 100; 55 S. C., 483.

April 30, 1903. The opinion of the Court was delivered by

MR. JUSTICE GARY. *Statement of facts.*—The appeal herein is from an order of nonsuit. The action is for damages alleged to have been sustained by the plaintiff, at a point on defendant's railroad near Toccoa, in the State of Georgia, while engaged in the occupation of flagging, through the negligence of the defendant. The complaint alleges substantially that on June 1st, 1900, the plaintiff was, and for three weeks preceding had been, in the employ of defendant and engaged in the repair of a trestle near Toccoa, Ga., under the orders and direction of B. O. Worley, bridge foreman; that it was the duty of Worley, and it had been his custom, to send out flagman to warn approaching trains of the dangerous condition of the trestle, and it was the duty and custom of those in charge of the trains so warned to stop their trains, and this had been done for three weeks during all of the time repairs were being made on the trestle; that upon the occasion in question, the plaintiff was ordered by Worley to proceed about a mile in the direction of Toccoa for the purpose of flagging approaching trains; that he had been previously ordered to do similar work on the south side of the trestle, and when he came back to the trestle from such previous work, he was not allowed time to rest before going out again; that he was directed, and, after placing the flag and torpedoes in proper position, he became so overpowered by the heat and exertion, that he fell exhausted and unconscious upon the track; that while lying in this

unconscious condition he was struck by a south bound train and seriously injured, that his injuries were caused by the negligence of the servant of the defendant in not exercising due care in approaching a known dangerous place, and a place where he had been accustomed to have trains flagged, and in failing to keep a proper lookout along the stretch of track. The answer denied negligence, and pleaded plaintiff's contributory negligence.

At the close of plaintiff's testimony, the defendant moved for a nonsuit on two grounds: (1) That there is no testimony tending to show the negligence alleged in the complaint. (2) That the accident occurred in Georgia, and that in the absence of proof, it will be presumed that the common law prevails there.

His Honor, the presiding Judge, granted the following order:

"The first ground is overruled. The second ground is sustained.

"It appears from the evidence that the accident occurred in the State of Georgia. The law of that State must govern. In the absence of proof as to that law, the presumption is that the common law prevails there. At common law a master is not responsible in damages to one servant injured by the negligence of a fellow-servant. If there were any negligence at all in this case, it was that of the engineer of the train which struck the plaintiff. As it appears that the plaintiff and the engineer were engaged in the duties, respectively, of their employment, I hold that they were fellow-servants.

"It is, therefore, ordered, that the motion be granted and that the complaint be dismissed with costs."

The plaintiff appealed upon the following exceptions:

"I. The Circuit Judge having held that in the absence of proof as to the law of the State of Georgia, that the common law prevails there, erred in not holding further that the presumption existed that the common law of the State of

Georgia is the common law as declared by the Supreme Court of the State of South Carolina.

"II. The Circuit Judge erred in holding that at 'common law a master is not responsible in damages to one servant injured by the negligence of a fellow-servant;' whereas, he should have held that under the common law as established by the Courts of this State, the master is responsible in damages to one servant injured by the negligence of a servant of the same master engaged in a different department of labor; and for the further reason that the doctrine of fellow-service is not a common law doctrine.

"III. Because the Circuit Judge erred in holding that the engineer of defendant's train, and the plaintiff, a laborer on one of defendant's bridge gangs, were fellow-servants; whereas, he should have held that the said employees, being engaged in different departments of labor, and not being associated in the work which each was employed to do, were not fellow-servants.

"IV. Because inasmuch as the fellow-servant doctrine is based upon the doctrine of 'assumption of risk,' the Circuit Judge erred in not submitting to the jury the question as to whether the plaintiff had assumed the risk of injury from the negligence of the servants of defendant.

"V. Because the Circuit Judge erred in holding that 'If there were any negligence at all in this case, it was that of the engineer of the train which struck plaintiff;' whereas, he. should have held that the complaint alleged and the testimony tended to show that the vice principal of the defendant, to wit: the bridge gang foreman, was negligent in ordering plaintiff to perform an extra hazardous work without notifying him of the increased danger to which he was subjected, and that plaintiff's injuries resulted from such negligence on the part of the said bridge foreman, or from the concurrent negligence of the said bridge foreman and of the engineer of train which struck plaintiff.

"VI. Because the testimony showed that the plaintiff had been employed by the defendant as a laborer on a bridge

gang on defendant's road, but that he had been ordered by the foreman of the bridge gang on occasions to flag trains in the absence of the regular flagman of the bridge gang, and on the occasion alleged in the complaint had been ordered to flag a train under particularly dangerous circumstances; the Circuit Judge, therefore, should have left it to the jury to say whether or not plaintiff had assumed the increased risk, by flagging under the circumstances alleged, to which he was subjected by the orders of the said foreman.

"VII. Because the foreman in charge of the bridge gang had authority to order the plaintiff's actions, the said foreman representing his master in the said work; the Circuit Judge should have left it to the jury to say whether the plaintiff's injuries resulted from the risks that he had contracted to assume, or were such as resulted from an increased risk that he was compelled to assume by reason of the order of the servant having authority to make the same.

"VIII. Because the plaintiff having been ordered to perform work other than that he had contracted to perform when he entered defendant's employment, the Circuit Judge erred in not submitting the following questions to the jury: (a) Whether the plaintiff was acting within the scope of his employment at the time he was injured, or whether he was ordered to perform work outside the scope of his employment by one who had authority to direct his actions. (b) Whether the work he was ordered to perform was more hazardous than the work he had contracted to perform. (c) Whether the danger of the work plaintiff was ordered to perform was so manifest that a person of ordinary prudence, situated as plaintiff was, would have realized the danger and not have undertaken it."

The defendant gave notice that it would ask this Court in case it became necessary, to sustain the order of nonsuit upon the additional ground that the presiding Judge erred in overruling the first ground of defendant's motion.

*Opinion.*—Before proceeding to consider the questions presented by the exceptions it may be well to state some

general principles affecting this case. The second ground
of the motion for nonsuit was, in effect, a demurrer to the
complaint on the ground that it did not state facts sufficient
to constitute a cause of action, in that, under the common law
which, it must be presumed, prevails in Georgia, a master
is not responsible to a servant, injured through the negli-
gence of a fellow-servant. For it was not based upon the
failure of the testimony to sustain the allegation of the com-
plaint, but upon the fact that the allegations of the complaint
did not show actionable negligence, or such as the law recog-
nizes. The Circuit Court practically decided that although
there was testimony tending to support the allegations of
the complaint, nevertheless, it was not actionable for the
reasons stated in the order of nonsuit. The right of the
plaintiff to maintain this action must be determined by the
laws of Georgia. In *Bridger* v. *R. R. Co.,* 27 S. C., 458, 3
S. E., 860, the Court says: "The cause of action arose in
North Carolina. The injury was inflicted there, and if the
parties had remained in that State and brought action there,
they would have been compelled to stand or fall by the law
there. And we cannot see upon principle how stepping over
the line could give the plaintiff a new and altogether enlarged
cause of action—in fact, a cause of action which he did not
have before, and, therefore, could not have enforced in the
tribunals having jurisdiction of the matter at its origin."
*Sawyer* v. *Macauley,* 18 S. C., 543; *Thornton* v. *Dean,* 19
S. C., 583.

The remedies, however, for determining the rights of the
litigants pertain to the *lex fori.* The rule is thus stated in
*Thornton* v. *Dean, supra:* "As for all matters relating to
remedies, each State insists upon enforcing its own laws—the
*lex fori*—but in the interpretation of a contract, it has been
established by usage that the *lex loci contractus* must govern.
The rule is clearly stated by Chancellor Kent with its quali-
fications: 'Then it may be laid down as the settled doctrine of
public law that personal contracts are to have the same valid-
ity, interpretation and obligatory force in any other country

which they have in the country where they are made \* \* \*
It is, however, a necessary exception to the universality of
the rule that no people are bound, or ought to enforce, or
hold valid in their courts of justice, any contract which is
injurious to their public rights, or offends their morals, or
contravenes their policy, or violates a public law.' "

The complaint is silent as to the laws of Georgia. We
will, therefore, proceed to consider what allegations must be
alleged by the plaintiff so as to show that he has a cause of
action when it arose in another State. In Pom. Code Rem.,
section 519, it is said: "Every action is based upon some pri-
mary right held by the plaintiff, and upon a duty resting
upon the defendant corresponding to such right. By means
of a wrongful act or omission of the defendant, this primary
right and this duty are invaded and broken; and there imme-
diately arises from the breach a new remedial right of the
plaintiff and a new remedial duty of the defendant. Finally,
such remedial right and duty are consummated and satisfied
by the remedy, which is obtained through. means of the
action, and which is its object." In section 520, the author
uses this language: "The first of these branches must always,
from the nature of the case, be a conclusion of law. The law
by its commands creates a rule applicable to certain facts and
circumstances, by the operation of which, when these facts
and circumstances exist, a right arises, and is held by the
plaintiff, and a corresponding duty arises and devolves upon
the defendant \* \* \* This first factor of the 'cause of action'
is, therefore, always a conclusion or a proposition of law,
*and results from the command of the supreme power in the
State as its cause"* (italics ours). In section 524, we find
the following: "The reformed system, following in this re-
spect the common law method, dispenses with several of
these elements which make up the plaintiff's entire ground
of relief. It wholly rejects all the subdivisions, which are
mere legal rules or conclusions, and admits only those that
consist of the facts to which the legal rules apply and which
are the occasion whence the conclusions arise. It assumes

7—66

that the courts and the parties are familiar with all the doctrines and requirements of the law applicable to every conceivable condition of facts and circumstances; so that, when a certain condition of facts and circumstances is presented to them, they will at once perceive and know what are the primary and the remedial rights and duties of both the litigants, and this knowledge being complete and perfect, it is useless incumbrance of the record to spread out upon it the legal propositions and inferences with which every one ·is assumed to be acquainted. A complaint or petition, therefore, drawn in accordance with this theory, must omit (1) the legal rule which is the direct cause of the primary right and duty; (2) the primary right and duty themselves which are the results of this rule acting upon the given facts, and (3) the remedial right and duty which accrue to the plaintiff," &c.

When a· cause of action arises in *another* State, it cannot be said that the courts and parties are familiar with the doctrines and requirements of the law applicable to the case, and that "they will at once perceive and know what are the primary and remedial rights and duties of both the litigants." The complaint must, therefore, set forth the rule of law applicable to the facts from which the plaintiff's primary right and the defendant's primary duty arise, if they are founded upon statute; otherwise he will be forced to rely upon the common law as the foundation of these rights and duties. In the absence of allegations as to the laws of another State, the courts will presume that the common law prevails in that State. 6 Ency. of Law (2 ed.), 284; *Gooch* v. *Fancette,* 39 L. R. A. (N. C.), 835; *Sibley* v. *Young,* 26 S. C., 415, 2 S. E., 314; Watson on Pero. Inj., section 554.

We proceed to consider the exceptions in their regular order.

*1st exception:* Even if the appellant is correct in his contention in this exception, he was not thereby prejudiced, unless the common law as declared by the courts of this

State entitled the plaintiff to recover damages for the alleged injury, and this question will be considered later.

*2d and 3d exceptions:* These exceptions will be considered together. The appellant's attorneys in their argument do not cite any authorities to sustain the proposition that the doctrine of fellow-servant is not a common law doctrine. If there was any doubt upon this question, it would only be necessary to refer to the authorities cited in the argument of respondent's attorneys to show that the doctrine of fellow-servant does exist at common law. In the case of *Wilson* v. *Ry. Co.*, 51 S. C., 96, 28 S. E., 91, the Court says: "When persons are employed in a common undertaking, all sustain towards each other the relation of fellow-servants when exercising only the ordinary duties of their employment, even when they cannot see each other, and are working apart and not in conjunction. But if an employee sustains an injury through the negligence of a co-employee while such employee is performing the duties of the master, the master cannot defeat his recovery on the ground that they are fellow-servants." The case of *Jenkins* v. *R. R. Co.*, 39 S. C., 507, 18 S. E., 182, fully sustains this doctrine. The syllabus of the case states correctly the principle decided as follows: "The conductor of a preceding freight train and the assistant fireman of a following freight train are fellow-servants, to the extent that the fireman on train No. 2 cannot recover from the master for damages received by him in jumping from his engine to avoid a collision with cars on the track detached from train No. 1, of whose presence proper signals by torpedoes or otherwise had not been given. Whether persons in the same employment are fellow-servants, does not depend upon the respective rank, grade or authority of the servants." The respondent's attorney in his argument has cited numerous other cases sustaining the doctrine announced in *Jenkins* v. *R. R. Co., supra,* which will be noted by the Reporter. These exceptions are overruled.

*4th exception:* It appears from the allegations of the com-

plaint that the plaintiff and the engineer were exercising at the time of the injury the ordinary duties of their respective employments. One of the risks, therefore, which the plaintiff assumed was the negligence of his fellow-servant, the engineer. When the fellow-servants are exercising the ordinary duties of their employment, the *law* says that each assumes the risks incident to the employment. Under such circumstances, no question of fact is presented for the consideration of the jury. *Gallman* v. *U. H. Co.,* 65 S. C., 192.

*5th, 6th, 7th and 8th exceptions:* These exceptions will be considered together. They must be overruled for the reason that the only acts of negligence alleged in the complaint are those relating to the conduct of the *engineer.* While the conduct of others is mentioned in the complaint, they are not alleged to have been *negligent.*

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.