## FORREST v. McBEE.

MALICIOUS PROSECUTION—AGRICULTURAL LIEN—CROPS—DAMAGES.—One who procures a warrant of attachment issued on an agricultural lien under which the crops of lienor are attached by an officer, the warrant being void for failure to execute undertaking before issuance, is not liable for malicious prosecution, but is liable to the lienor for damages caused by such seizure, and if the crops were seized with malice the damages would be enhanced.

Before GAGE, J., Greenville, November, 1904.   Reversed.

Action by Anderson Forrest against S. L. McBee.   From order of nonsuit, plaintiff appeals.

*Messrs. Blythe & Blythe,* for appellant, cite: *As an action for wrongful attachment, nonsuit should not have been*

*granted:* Drake on.At., 6 ed., 153-5; 20 S. C., 520; 3 Ency., 245; 52 Mo. App., 1; 68 Tex., 640; 7 Ala., 622; 73 Am. Dec., 254; 96 Am. Dec., 380; 18 Fed. R., 312; 12 Fed. R., 266. *Where a process is void all assisting in its service are liable as trespassers:* 2 Rich. L., 27; Harp. L., 65; Drake on At., sec. 185b, 194a; Chev., 253; 3 Ency., 246; 4 Cyc., 831; 28 N. Y., 659; 61 N. Y., 245; 5 Abb. N. C., 374; Harp. L., 486; 2 McM. L., 338.

*Messrs. McCullough & McSwain,* contra, cite: *Proceedings in magistrate court are void:* Code of Proc., 251; Code, 1902, 3064; 31 S. C., 375; 38 S. C., 228. *Proceedings being void, no action will lie for malicious prosecution:* 19 Ency., 654; 4 Cyc., 834; 28 Am. St. R., 137; 58 Am. St. R., 287; 88 Am. Dec., 556; 72 Am. Dec., 708; 2 Hill L., 499; 2 McM., 270; 57 S. C., 256; 34 S. C., 326; 31 S. C., 344; 16 S. C., 387. *Liability lies only for wrongful attachment:* 4 Cyc., 835, 836, 837, 832; 24 S. E. R., 246; 2 Brev., 295, 75; 16 Ency., 453; 120 U. S., 206; 15 S. C., 487.

July 20, 1905. The opinion of the Court was delivered by
MR. JUSTICE GARY. This is an appeal from an order of nonsuit. The complaint alleges that the plaintiff executed an agricultural lien on his crops in favor of the defendant. That although the said lien was satisfied, the defendant, nevertheless, "wrongfully, wilfully and maliciously and with intent to injure the plaintiff, and to take his crop under a lien which had already been paid, made an affidavit before a magistrate falsely setting forth that plaintiff was still justly indebted to him in the sum of $86.15 on account of supplies furnished plaintiff by defendant for the year 1903." That the defendant wilfully, wrongfully and unlawfully induced the said magistrate to issue an agricultural warrant for the seizure of said crops, and a certain person was appointed to execute the said warrant. That the person so appointed went upon the premises, delivered a copy of the

affidavit and warrant to the plaintiff, and immediately took possession of all the cotton still ungathered in plaintiff's field, and a large quantity of hay and other provender in plaintiff's barn, in which were also all of his agricultural implements, and securely nailed up the same. That plaintiff filed an affidavit after the crop was seized, stating that the indebtedness secured by the lien had been paid. That the issue raised by the affidavit was heard by the magistrate, who "rendered his judgment dismissing the warrant and proceeding, and dissolving the attachment, upon the grounds that no bond had been given in accordance with the statute, and that there was nothing due upon the lien at the time the warrant was issued." That the defendant appealed from said judgment, but the appeal was dismissed, and the judgment of the magistrate made the judgment of the Circuit Court. That by reason of said seizure he sustained special damages which are set out in the complaint, and prayed judgment for $1,000.

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit on the following grounds:

"1. That the plaintiff has failed to introduce evidence tending to show malice on the part of the defendant in this case in instituting the proceedings in the magistrate's court.

"2. He has failed to show that the defendant in this case acted without probable cause in instituting these proceedings in the magistrate's court.

"3. That it appears upon the face of the proceedings that the alleged prosecution, for the foreclosure of an agricultural lien, was void, and, therefore, no prosecution and no action will now lie for malicious prosecution of a proceeding which is a nullity."

His Honor, the presiding Judge, granted the nonsuit on the third ground. It was not granted because there was a failure of testimony tending to sustain the material allegations of the complaint, but on the ground that the allegations of the complaint were not sufficient to constitute a cause of action for malicious prosecution. The motion for nonsuit

on the ground sustained was in effect a demurrer to the complaint. *Rosemond* v. *Ry.,* 66 S. C., 91, 44 S. E., 574.

The rule in such cases is thus stated in *Austin* v. *Mfg. Co.,* 67 S. C., 122, 129, 45 S. E., 135: "The only instances in which the Court will sustain a nonsuit, when the allegations are sustained by the testimony, are in cases where the complaint is subject to a demurrer, as in *Rosemond* v. *R. R.,* 66 S. C., 91, 44 S. E., 574. In *Boyd* v. *Brent,* 1 Treadway, 101, it was decided that if the declaration does not contain any cause of action, the proper way of taking advantage of it is to demur; but where a nonsuit had been ordered, the Court refused to set it aside, on grounds of convenience, as it was clear that the plaintiff could not recover. In *Petis* v. *Harris,* 2 Brevard, 388, the Court ruled that a nonsuit may be ordered, though the cause be at issue before the jury, and there is evidence offered pertinent to the issue, if it be clear there is no sufficient legal cause of action stated in the declaration. See, also, *Lindsey* v. *Jamison,* 4 McM., 93."

A nonsuit on the ground that the allegations of the complaint were not sufficient to constitute a cause of action for malicious prosecution was not proper, if they were sufficient to constitute any other cause of action. *Welborn* v. *Dixon,* 70 S. C., 108. The failure to file the undertaking required by the statute rendered the proceedings null and void. *Wagener* v. *Booker,* 31 S. C., 375, 9 S. E., 1055. In that case the Court said: "Under the act the undertaking must be filed *before* the warrant is issued. It precedes the warrant, and is the foundation for its issue. It is, therefore, jurisdictional, and in its absence the warrant is illegal and void." As the proceedings were null and void, they could not be made the basis of an action for *malicious prosecution.* 19 Enc. of Law, 654; 4 Cyc., 834-5; *Braveboy* v. *Cockfield,* 2 McM., 270; *Whaley* v. *Lawton,* 57 S. C., 256, 35 S. E., 741.

While this is the case, it does not by any means follow that the defendant is not liable for the illegal seizure of the plaintiff's property. Even when the proceedings are set

aside for mere irregularity, the party at whose instance they are instituted is liable when they result in injury to the rights of another.

In the case of *Foster* v. *Gault,* 2 McM., 335, 338, the Court uses this language: "There is a wide distinction between those who issue, or procure to be issued, an irregular process. The magistrate might sometimes be liable—the party procuring the process to be issued would in general be liable—but the ministerial officer, whose duty it is to execute it, is justifiable, unless the process be void, and not merely voidable." The principle is thus stated in *McCool* v. *McCluny,* Harp., 486, 488, by Colcock, in delivering the opinion of the Court: "I lay it down as a general rule, that where the act is illegal, and the injury proceeds directly from the act, trespass is the proper action; for although there is no actual force, yet in all illegal acts there is implied force, and all illegal acts are *contra pacem.* Here the arrest was illegal; the process was irregular and void; the party is, therefore, entitled to his remedy; against whom shall he proceed? Not against the officer, because he could not inquire into the regularity of the process. On its face it appeared to be in usual form; he must then proceed to the source from whence the process proceeded, which is the plaintiff who caused the *ca. sa.* to issue. It is objected that he was not personally present; the act, therefore, as to him, was not immediate; but the answer is the execution, is the instrument which inflicts injury, and the officer is the medium through which it passes. The defendant gave the impetus, and he is constructively present."

For a stronger reason the party is liable who procures the issuing of process which is not only void upon its face, but accompanied with malice. The seizure of the plaintiff's property under the void process was a conversion. See concurring opinion in *Holliday* v. *Poston,* 60 S. C., 103, 38 S. E., 449; *Prater* v. *Wilson,* 55 S. C., 468, 33 S. E., 561, and *Ry. Co.* v. *Sarratt,* 58 S. C., 98, 36 S. E., 504. The

13—72

foregoing authorities clearly show that the ground upon which the nonsuit was granted is untenable.

The defendant gave notice that he would ask that the nonsuit be sustained upon the two additional grounds which were overruled by the presiding Judge. Even if the warrant was issued without malice and without probable cause, the defendant would nevertheless be liable for the conversion of the plaintiff's property, if the testimony sustains the allegations of the complaint. If the conversion was accompanied with malice the damages would be thereby enhanced. *Welborn* v. *Dixon,* 70 S. C., 108.

It is the judgment of this Court, that the order of nonsuit be set aside, and the case remanded to the Circuit Court for a new trial.