14610

WEBBER v. FARMERS CHEVROLET COMPANY *ET AL.*

(195 S. E., 139)

June, 1937.

*Mr. L. A. Hutson,* for appellant,

*Messrs. Adam H. Moss* and *James A. Moss,* for respondents,

February 1, 1938.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

This action was brought by the plaintiff for the recovery of damages, actual and punitive, growing out of the alleged forcible, unlawful, and willful seizure of an automobile by the defendants.

The defendants set up various defenses by their answers, and, among others, alleged that the automobile was peaceably repossessed, in accordance with the terms and provi-

sions of a conditional sales contract or chattel mortgage, after condition broken.

Upon the call of the case, the defendants moved that the plaintiff be required to elect whether he would go to trial on a cause of action for breach of contract, or whether he would proceed on a cause of action sounding in tort. The plaintiff elected tort. Immediately following this election, the defendants then moved that he be required to state the theory of his cause of action and the nature of the tort, for the commission of which he sought damages, by stating whether his action was for a trespass against the person or for a trespass against property. Counsel for the plaintiff refused to make this election, whereupon the Court construed the complaint as stating a cause of action for trespass against personal rights, and the trial thereupon proceeded on this theory.

Upon the conclusion of the testimony for the plaintiff, a motion for nonsuit was made on behalf of each of the defendants, separately, on the ground that the plaintiff had failed to allege and prove any actionable conduct on the part of the defendants, or any of them. This motion was granted, and a nonsuit ordered, but upon the sole ground that the complaint does not allege facts constituting a breach of the peace.

The plaintiff is appealing from this order.

It will be observed that the order of nonsuit was not granted because there was a failure of testimony tending to sustain the material allegations of the complaint, but is based only upon a construction of the complaint. Therefore the motion for nonsuit on the ground sustained was in effect a demurrer to the complaint, *Forrest v. McBee,* 72 S. C., 189, 51 S. E., 675; *Rosemand v. Southern Ry.,* 66 S. C., 91, 44 S. E., 574.

The respondents contend that the facts of this case bring it within the rule announced in *Austin v. Manufacturing Company,* 67 S. C., 122, 129, 45 S. E., 135, 137. It is there said that, "The only instances in which the Court will sus-

tain a nonsuit when the allegations are sustained by the testimony are in cases where the complaint is subject to a demurrer, as in *Rosemand v. R. R.*, 66 S. C., 91, 44 S. E., 574. In *Boyd v. Brent*, 1 Tread. Const., 101, it was decided that, if the declaration does not contain any cause of action, the proper way of taking advantage of it is to demur; but, where a nonsuit had been ordered, the Court refused to set it aside, on grounds of convenience, as it was clear that the plaintiff could not recover. In *Pettis v. Harris*, 2 Brev., 388, the Court ruled that a nonsuit may be ordered, though the cause be at issue before the jury, and there is evidence offered pertinent to the issue, if it be clear there is no sufficient legal cause of action stated in the declaration. See, also, *Jamison v. Lindsay*, 4 McCord, 93."

But the foregoing rule has no application when the complaint is not subject to a demurrer; and, in our opinion, it has no application here for the reason that the complaint in this case alleges a sufficient legal cause of action.

The gist of trespass to personalty is the injury to possession. With this principle of the law in mind, we turn to the complaint.

The plaintiff alleges that he purchased a Chevrolet sedan automobile from the defendant, Farmers Chevrolet Company, on April 13, 1935, for $914.60, and made the initial cash payment thereon of $272.00; that to secure the balance of the purchase money, amounting to $642.60, he executed a conditional sales contract or retention of title contract (which the Court has construed many times as being a chattel mortgage), providing for payment of the balance in installments of $35.70 per month; that he paid eight monthly installments, amounting to $285.50; that on February 26, 1936, an agent of the defendants, acting for them at their special instance and request, and in the course of his employment, called at the home of the plaintiff in the City of Orangeburg, informed the plaintiff that he was in arrears two monthly payments, and demanded the immediate pay-

ment of the total unpaid balance of the purchase money, or the possession of the automobile. That the plaintiff stated to this agent that the defendants had agreed to give him a reasonable length of time within which to meet the two past-due payments, and that he was then ready and would pay him the sum of $71.40 to cover the installments in arrears. The agent refused to accept this amount, in a harsh, inconsiderate manner, whereupon the plaintiff forbade the agent to take the car, and told him that he could not legally take it over his protest, without proceeding in a lawful way; that regardless of the efforts of the plaintiff to retain possession of the car, which was at his home and in his possession, the said agent forcibly, willfully, high-handedly, and unlawfully seized the automobile, in utter disregard of the rights of the plaintiff, and drove it away and sold it, to his damage, etc.

On demurrer, the allegations of the complaint are deemed to be true, but this rule is limited to those matters of fact only which are material and well pleaded, and to those relevant inferences reasonably deducible therefrom under a liberal construction.

In our opinion, the facts stated in this complaint are amply sufficient to constitute a cause of action for trespass. The allegations of the complaint, if true, show that the defendants committed a trespass to personalty, and violated the right of possession thereto of the plaintiff.

Our conclusion, that the complaint states a cause of action for an unlawful invasion of the rights of the plaintiff, is fully sustained by the case of *Peeples v. Brown,* 42 S. C., 81, 20 S. E., 24. In that case, the defendant, Brown, was alleged to have willfully, wrongfully, unlawfully, and maliciously seized and detained a wagon containing furniture belonging to the plaintiff. The Circuit Court overruled the demurrer to the complaint, interposed upon the ground that the facts stated in the complaint were not sufficient to constitute a cause of action for trespass. This Court affirmed the action of the Circuit Court, and held that the allegations

of the complaint were ample to constitute such a cause of action. Also, see *Barfield v. J. L. Coker & Co.*, 73 S. C., 181, 53 S. E., 170.

But the order of the Court below is based upon the ground that the complaint in this action does not allege facts constituting a breach of the peace. The complaint alleges that despite the efforts of the plaintiff to retain and keep the possession of the automobile, the agent of the defendants forcibly, willfully, and unlawfully seized it over his protest, and carried it away. The word "forcible," or "forcibly," when used under the circumstances alleged in the complaint, can mean only that the agent of the defendant obtained possession of the automobile of the plaintiff by the use of force, or that possession of it was effected or brought about by the employment of force, and this, over the protest and objection of the plaintiff.

Do the allegations of the complaint to which we have referred sufficiently allege a breach of the peace? Certainly if the defendants had desired a more detailed statement of the ways and means by which possession of the automobile was gained, a motion to make the allegations of the complaint more definite and certain would doubtless have been the proper course to have pursued. The plaintiff alleged the ultimate fact, the forcible seizure; he was not required to set forth evidentiary matter.

We think the issue is concluded adversely to the defendants by the recent case of *Lyda v. Cooper,* 1933, 169 S. C., 451, 169 S. E., 236, 238. In that case, the Court held that it was a question for the jury as to whether there was a trespass and breach of the peace, where the agent of a furniture company, in repossessing property sold on the installment plan, under a conditional sales contract, finding the house of the plaintiff closed during their absence, entered through a window, opened the doors and carried away the furniture. In that case, too, it appeared that the condition of the contract was broken, and the plaintiffs were in default in making their payments.

In defining what constitutes breach of the peace, the following principles of law were quoted with approval in *Lyda v. Cooper, supra:*

" 'In general terms, a breach of the peace is a violation of public order, a disturbance of public tranquility, by any act or conduct inciting to violence.' Annotation to case of *Kansas v. Herbert,* 48 A. L. R., 85.

" 'By "peace," as used in the law in this connection, is meant the tranquility which is enjoyed by the citizens of a * * * community, where good order reigns among its members, which is the right of all persons in political society. * * * It is not necessary that the peace be actually broken to lay the foundation of a prosecution for this offense. If what is done is unjustifiable, tending with sufficient directness to break the peace, no more is required.' * * *

" 'In *Miles v. State of Oklahoma,* 30 Okla. Cr., 302, 236 P., 57, 58, 44 A. L. R., 129, it was held: "It is not necessary that an act have in itself any element of violence in order to constitute a breach of the peace." ' " And see 8 Am. Jur., § 3, Breach of the Peace.

Reference may also be had to a very comprehensive note in 105 A. L. R., 926, dealing with the question of liability for assault or trespass in forcibly retaking possession of property sold conditionally.

As heretofore indicated, it is our opinion that the allegations of the complaint pertinent to the seizure of the plaintiff's automobile were sufficient to state a cause of action for trespass, and that the use of the words, "forcibly, highhandedly and unlawfully," are sufficient to import a breach of the peace under the authorities noted.

The respondent in his brief seems to adopt the view that the case was tried upon a cause of action alleging the commission of an assault and battery upon the person of the plaintiff by the agent of the defendants in repossessing the automobile. This is a misconception. The trial Judge in the preliminary stages of the trial construed the complaint as

stating a cause of action for trespass against personal rights, and finally based his order of nonsuit upon the ground that the complaint did not state facts constituting a breach of the peace.

When this case was orally argued before us, the respondents upon notice moved that the appeal be dismissed for lack of jurisdiction, upon the ground that judgment has never been entered on the order from which the appeal is taken. This question is settled against the contention of the respondent in the case of *Spartan Mills et al. v. John A. Law, Jr., as Receiver of the Merchants & Farmers Bank of Spartanburg, S. C.,* 194 S. E., 653.

For the reasons given, the order appealed from is reversed, and the case remanded for trial.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM and BAKER concur.

MR. JUSTICE CARTER did not participate on account of illness.