20797

James H. WITT, Appellant, v. Benzie C. WITT, Respondent.
(248 S. E. (2d) 494)

*Judson F. Ayers, Jr.,* Greenwood, *for appellant.*
*Eugene C. Griffith,* Newberry, *for respondent.*

October 26, 1978.

*Per Curiam:*

The plaintiff-wife was granted a default divorce from the defendant-husband on March 7, 1977. The decree ordered the husband to pay four hundred dollars per month child support plus two hundred dollars per month alimony. No appeal was taken from the order.

On August 19, 1977, the husband petitioned the court to reduce the amount of child support and alimony on the theory of a change of condition. The court denied the application, ruling that no change of condition had been shown. The husband has appealed.

After hearing oral arguments we ordered, under Rule 2 of this court, that the transcript of the original proceedings be filed with our clerk. We now have before us the testimony taken in the default case, the report of the referee, and the decree of the judge.[1]

In order to warrant a reduction in alimony or child support, it is necessary to show a substantial change of condition. *Smith v. Smith,* 262 S. C. 291, 204 S. E. (2d) 53 (1974). The requirement that a change of condition must be shown presupposes that a "condition," as a basis for the prior decree, has been established.

A review of the record shows that in the initial divorce hearing there was no evidence whatsoever of the financial condition of the husband or of his ability to pay. The nearest approach to imparting information to the court is as follows:

"[Q] Mrs. Witt [wife], where does your husband work?
[A] Wingard's Pharmacy.

[Q] He's a registered pharmacist?
[A] Yes, he is."

---

[1] The case was originally tried in the court of common pleas but was later transferred to the family court.

Based on the testimony taken, the special referee said:

"I further find that the defendant [husband] is a registered pharmacist earning a substantial income and the needs of the parties are such that the defendant should be required to pay to the Clerk of Court the sum of Four Hundred and No/100 ($400.00) Dollars each month for the support of his minor child and the sum of Two Hundred and No/100 ($200.00) Dollars each month for the support of his wife."

The trial judge adopted the referee's report.

In the recent case of *Howard v. Holiday Inns, Inc.*, S. C., 246 S. E. (2d) 880 (1978), this court discussed the requirements of plaintiff's proof in default cases. We said:

"The prayer in an action may not serve as a substitute for proof. The plaintiff must prove by competent evidence the amount of his damages, and such proof must be by a preponderance of the evidence."

We held that the lower court erred ". . . in awarding damages because there was no evidence before it on the question of damages." The lower court erred in setting the amount of child support and alimony without any proof of the husband's financial condition and ability to pay, but, there being no appeal, the order became the directive of the court.

Despite failure to appeal, the husband has the right at this time to apply for a reduction in the amounts decreed. He is faced with the insurmountable task of showing a change of condition when no original "condition" was proved. We need not reach the "change of condition" issue. We hold that having failed to establish the original condition, the wife cannot be heard to say that the husband is denied the right to have the court establish an appropriate amount of child support and alimony. The equities of the case demand that the matter be remanded to the family court for a trial *de novo,* with full right to all parties to submit evidence and be heard on the alimony and child support issues.

For the guidance of the bench and bar, we again point out that no decree should be granted in a default matter without proper proof.

Remanded.