21347

Robert SMITH, Appellant, v. Inez SMITH, Respondent.

(272 S. E. (2d) 797)

*Andrew M. Jones, Jr.,* of *Mitchell & Jones,* Greenville, *for appellant.*

*James J. Raman,* Spartanburg, *for respondent.*

December 8, 1980.

NESS, Justice:

This involves modifying a support decree. Appellant Robert Smith was ordered to pay his child's medical bills of $951.00 and an increase in child support to $35.00 per week due to a change in circumstances. We affirm.

Appellant first asserts the family court erred in refusing to dismiss the action because respondent Inez Smith commenced the proceeding by motions rather than by summons and petition.

There is no indication in the transcript of record that the lower court ruled on this question. An issue may not be raised for the first time on appeal. *State v. McDaniel,* S. C., 268 S. E. (2d) 585 (1980).

Moreover, appellant presented testimony which would constitute a general appearance and waiver of any jurisdictional defect. See *Nocher v. Nocher,* 268 S. C. 503, 234 S. E. (2d) 884 (1977).

Appellant next asserts the trial court erred by requiring him to pay the medical bills. We disagree.

The issue is whether extraordinary medical expenses of a child constitutes a change of circumstances warranting modification of a prior support decree.

We conclude a change of circumstances warranting modification of a prior divorce decree may be shown by extraordinary medical expenses when they were not dealt with in the original decree. *Witt v. Witt,* 271 S. C. 541, 248 S. E. (2d) 494 (1978); *Moesley v. Moesley,* 263 S. C. 1, 207 S. E. (2d) 403 (1974); also see cases collected at 27B C. J. S. Divorce § 322(2) (1959).

Here, the medical expenses were incurred for an injury to appellant's child's knee. The trial judge found this to be a change in circumstances which warranted modification of

the existing support decree, and ordered the appellant to pay the $951.00 medical bill. *Witt v. Witt, supra.*

Child support is always modifiable upon proper showing of a change in either the child's needs or the supporting parents financial ability. *Cason v. Cason,* 271 S. C. 393, 247 S. E. (2d) 673 (1978); *Campbell v. McPherson,* 268 S. C. 444, 234 S. E. (2d) 774 (1977). The amount awarded is within the sound discretion of the trial judge, and his ruling will not be disturbed absent an abuse of discretion. *Smith v. Smith,* 264 S. C. 624, 216 S. E. (2d) 541 (1975).

Appellant finally asserts the trial court erred by increasing the amount of child support from $15.00 to $35.00 per week as there was no evidence of a change in circumstances.

We disagree.

We have jurisdiction, on appeal from an order of the family court, to find facts in accordance with our view of the preponderance or greater weight of the evidence. *Clinkscales v. Clinkscales,* S. C., 270 S. E. (2d) 715 (1980). However, this broad scope of review does not require us to disregard the findings of the lower court nor does it relieve the appellant of the burden of convincing us that the lower court committed error. *Spires v. Higgins,* 271 S. C. 530, 248 S. E. (2d) 488 (1978).

The changed circumstances relied upon by the trial court in increasing the amount of the child support were: (1) the house was uninhabitable and (2) the city had condemned the house.

Our examination of the record substantiates the family court's finding of a change in the circumstances because of the uninhabitability of respondent's house. We conclude appellant failed to establish that the family court abused its discretion.

The order of the family court requiring appellant to pay the medical bill and increasing the child support is affirmed.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.