22245

Albion E. STROUT, Respondent, v. Mary Ann STROUT, Appellant.

(327 S. E. (2d) 74)

Supreme Court

*Jan L. Warner* and *C. Dixon Lee, III*, Sumter, *for appellant.*

*William E. Durant, Jr.* of *Schwartz, McLeod, Durant & Young*, Sumter, *for respondent.*

Heard Jan. 8, 1985.

Decided Feb. 22, 1985.

SHAW, Acting Associate Justice:

This is an appeal from a family court order awarding a divorce and custody of three minor children to respondent Albion Strout. We affirm.

On appeal from an order of the family court, we have jurisdiction to find facts based on our own view of the preponderance of the evidence. However, we are not required to disregard the findings of the trial judge who saw

and heard the witnesses and was in a better position to evaluate their credibility. *Calcutt v. Calcutt*, S. C., 320 S. E. (2d) 55 (S. C. App. 1984).

The trial court order minimally complied with Family ██ Court Rule 27(C) regarding its disposition of issues, however, the record is sufficient to permit adequate review by this court. A remand of this case might be justified because of the judge's failure to make full findings, however, in lieu of remand, this court will undertake to settle the dispute. *Shaluly v. Shaluly*, S. C., 325 S. E. (2d) 66 (1985). Courts may determine incidental questions, afford complete justice and prevent multiplicity of litigation in divorce actions. *McLean v. McLean*, 273 S. C. 571, 257 S. E. (2d) 751 (1979).[1]

The parties were married November 2, 1972 and had three children, now all minors. Mr. Strout is a member of the United States Air Force.

The litigation history of the parties is as follows:

> On January 30, 1980 an emergency hearing was held. The parties were separated — Mr. Strout was living at Shaw Air Force Base and Mrs. Strout was living with a brother in Marion, North Carolina. While questioning the suitability of both homes, the trial judge awarded temporary custody to Mrs. Strout.

> On September 29, 1980 the parties were again in court. ██ Mr. Strout was represented by counsel — Mrs. Strout was not. She stated she was capable of representing herself in the matter. The court honored the parties' agreement of transfer of custody of the minor children to Mr. Strout. We hold the formal appearance before the court through pleadings constitutes an adjudication of the issue. Even though voluntarily agreed upon, the evidence was sufficient for the judge to make a ruling on the same basis as if the testimony was independently given from other persons. Therefore, a condition was established thus requiring a

---

[1] This statement does not, in any way, relax the guidelines of *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (S. C. App. 1983), nor the requirements of Family Court Rule 27(C).

"change of circumstances" in any subsequent hearing for modification. *Witt v. Witt*, 271 S. C. 541, 248 S. E. (2d) 494 (1978).

Oddly, at this time, the parties were attempting a reconciliation. However, they separated on October 11, 1980. We hold this was not a serious attempt at reconciliation thus not abrogating the court order. *Newton v. Williams*, 25 N. C. App. 527, 214 S. E. (2d) 285 (1975); *Cooke v. Cooke*, 34 N. C. App. 124, 237 S. E. (2d) 323 (1977).

On October 19, 1981 Mr. Strout petitioned the court for a divorce on one year's separation, custody of the children and to bar Mrs. Strout from alimony because of alleged adulterous conduct. Mrs. Strout answered and counterclaimed for a divorce on adultery, custody and attorney fees.

On June 15, 1982 a hearing on the merits began and was completed July 20, 1982. Mr. Strout presented several witnesses to substantiate he had cared for the children properly and established a suitable home for them. He admitted an illicit affair with a neighbor but denies misconduct in the presence of the children. He plans to marry his paramour. The deposition of a Mr. Moore was presented for admission when he failed to appear at the hearing. The deposition revealed Mrs. Strout and he engaged in illicit sex before and after the separation of Mr. and Mrs. Strout.

Mrs. Strout presented less impressive testimony. Her plans for the children are uncertain. After leaving the marital home, her whereabouts were flighty. She lived with various relatives and worked at several jobs. She admitted living in a house with no running water. It appears she cannot exercise independent actions. Even though she is employed, she relies heavily on parents and in-laws for maintenance, support and housing. She does not exemplify sufficient stable qualities for the court to award custody.

We hold all other issues are without merit.

Affirmed.

NESS, GREGORY, HARWELL and CHANDLER, JJ., concur.