22526

Linda B. MARSH (formerly Linda B. Hancock), Appellant v. Sylvester V. HANCOCK, Respondent.

(342 S. E. (2d) 607)

Supreme Court

*Jan L. Warner* and *C. Dixon Lee, III, Warner & Lee,* Sumter, *for appellant.*

*Kermit S. King* and *Betty J. Gambrell Cobb, King and Cobb,* Columbia, *for respondent.*

Heard Jan. 21, 1986.

Decided April 7, 1986.

CHANDLER, Justice:

Linda B. Marsh (Mother) brought this action (1) to increase Sylvester V. Hancock's (Father's) monthly child support obligation and (2) to require Father to pay a portion of their daughter's (Rachel's) "extraordinary" medical expenses.

The Family Court Judge increased support payments from $150 to $250 per month and ordered that Father pay half of Rachel's *future* extraordinary medical expenses not covered by insurance. However, he denied Mother's request that Father pay a portion of Rachel's *past* extraordinary medical expenses.

Mother appeals the Family Court's failure to require that Father pay a portion of Rachel's past extraordinary medical expenses.

We reverse and remand.

## FACTS
The parties were divorced in Texas in 1974. Mother was granted custody of Rachel, the only child, then age seven.

Father was ordered to pay $60 per month child support.

Father's monthly payments were increased to $150 pursuant to a modification motion brought by Mother in Texas in 1979. Father was also ordered to keep Rachel covered under his military health insurance plan, which covered "ordinary" medical expenses only.

Subsequently, Mother married a North Dakota wheat farmer. The couple has a fluctuating income averaging $32,000 per year.

Father, retired from service in the Air Force, is currently a resident of South Carolina. He is employed by NCR and had a total income in 1983 of $39,000.

Since 1979, Mother and her new husband have incurred the following medical expenses on Rachel's behalf, none of which is covered by Father's insurance:

1. Orthodontic work (braces and retainer) ....... $  925.00
2. Oral surgery (removal of wisdom teeth) ......    220.00
3. Surgery to remove kidney ...................  2,263.57
4. Treatment for chemical dependency ..........  1,467.00

   TOTAL ................................... $4,875.57

Inasmuch as the Texas orders did not require Father to pay extraordinary medical expenses, the Family Court held it was, "as a matter of law," without authority to grant the relief sought by Mother.

## ISSUES

At oral argument, Father contended that Texas law applies under the Full Faith and Credit Clause. Admittedly, under Texas law this decision would be affirmed.

While this argument was not presented as an additional sustaining ground pursuant to Supreme Court Rule 4, § 8, we address it here. Accordingly, the two issues are as follows:

1. May Father rely on Texas law when it was not pled in his Answer?

2. If not, is Mother entitled to a retroactive modification of the child support order under South Carolina law?

## I. FOREIGN LAW NOT PLED

Until Mother brought this action in South Carolina in 1984, Father's obligations were governed by the 1979

Texas order. Even though modifiable, it is nonetheless a final order entitled to full faith and credit. *See Marshall v. Marshall,* 282 S. C. 336, 318 S. E. (2d) 133 (Ct. App. 1984).

Father contends that the courts of South Carolina have jurisdiction to modify the prior orders only to the same extent as do the courts of Texas. *See McLeod v. Sandy Island Corp.,* 260 S. C. 209, 195 S. W. (2d) 178 (1973); *Yarborough v. Yarborough,* 290 U. S. 202, 54 S. Ct. 181, 78 L. Ed. 269 (1933). He argues, further, that an order to contribute is constitutionally permissible here only if Texas law allows retroactive modifications.

The relief sought by Mother was not, in fact, available under Texas law.[1] The record does not show, however, that Father pled the law of Texas in his Answer.

This Court has held that: (1) foreign law is a question of fact to be pled and proved; (2) in the absence of such proof, South Carolina courts assume the law of a sister state to be the same as that of South Carolina. *See Copeland v. Craig,* 193 S. C. 484, 8 S. E. (2d) 858 (1940); *Rosemand v. Southern Ry.,* 66 S. C. 91, 44 S. E. 574 (1903).

These rules have been modified by statute.

S. C. Code Ann. § 19-3-120 (1976), part of the Uniform ■ ■ Judicial Notice of Foreign Law Act, provides:

> Every court of this State shall take judicial notice of the common law and statutes of every state, territory and other jurisdiction of the United States *when such common law or statutes shall have been put in issue by the pleadings.* [Emphasis supplied.]

This statute merely relieves the necessity of formal proof of the laws of other United States jurisdictions.[2] It is not intended to remove the necessity of informing the court, *through pleadings,* of such laws when relied upon for recovery or defense. *See, e.g., Boswell v. Rio De Oro Uranium*

---

[1] Tex. Family Code Ann. § 14.08(c) (2) (Cum. Supp. 1986) provides that support orders may be modified upon showing a change of circumstances, but only as to obligations accruing *subsequent* to the motion to modify. *See also Grundy v. Grundy,* 589 S. W. (2d) 776 (Tex. Civ. App. 1979) (*retroactive* modification allowed only as to obligations accruing since filing of motion).

[2] *Cf.* S. C. Code Ann. §§ 19-3-160 and 19-3-170 (1976) (law of non-United States jurisdictions must be pled *and proved*).

*Mines, Inc.*, 68 N.M. 457, 362 P. (2d) 991 (1961); *see also* Annot., 23 A.L.R. (2d) 1437.[3]

Accordingly, we hold that Father may not rely on Texas law to establish a defense as he did not plead such law in his Answer.

## II. RETROACTIVE MODIFICATION UNDER SOUTH CAROLINA LAW

Father waived the right to rely on Texas law by failing to plead it. Accordingly, we review the Family Court's decision in light of that waiver. Under the rule of *Rosemand, supra,* we must apply the law of South Carolina.

In *Smith v. Smith,* 275 S. C. 494, 272 S. E. (2d) 797 (1980), this Court affirmed an order requiring a parent to pay medical expenses incurred when his child's knee was injured, stating:

> We conclude a change of circumstances warranting modification of a prior divorce decree may be shown by extraordinary medical expenses *when they were not dealt with in the original decree.* [Emphasis added.]

275 S. C. at 496, 272 S. E. (2d) at 798.

A prior action concerning child support is *res judicata* only as long as the circumstances existing at the time of the prior action have remained the same. *Hughes v. Hughes,* 280 S. C. 388, 390, 313 S. E. (2d) 32, 33 (Ct. App. 1984). The issue of retroactive child support is to be resolved in accordance with the evidence presented. *Major v. Major,* 277 S. C. 318, 286 S. E. (2d) 666 (1982).

The two Texas orders are not included in the record. The Family Court's Order, however, states that they are silent as to medical expenses not covered by insurance.

While the record shows that Rachel had kidney problems from the age of two or three, there is no evidence that removal of the kidney was contemplated in 1979. Neither is

---

[3] While not in effect at the time this action was tried, we note that S. C. R. Civ. P. 44(d), adopted in July, 1985, further clarifies the requirement that foreign law must be pled: "A party who intends to raise an issue concerning the law of a foreign jurisdiction *shall give notice in his pleadings or applicable motion.*" [Emphasis supplied].

there evidence that her other medical problems were anticipated at that time.

We hold that the Family Court erred in failing to modify retroactively the 1979 Texas order to require that Father pay a portion of Rachel's past extraordinary medical expenses.

Reversed and remanded.

NESS, C. J., and GREGORY and HARWELL, JJ., concur.

FINNEY, J., dissents.

FINNEY, Justice (dissenting):

I respectfully dissent. The majority opinion holds that the respondent did not *plead* Texas statutory law in his answer and, therefore, it is not available as a defense, relying on the Uniform Judicial Notice of Foreign Law Act, S. C. Code Ann., Section 19-3-110 through Section 19-3-180 (1976).

In my view, when the South Carolina General Assembly enacted Section 19-3-120, it modified the common law rule requiring the laws of other states to be pled and proved.[1] The legislature carefully chose its words and required that "... [e]very court of this state shall take judicial notice of the common law and statutes of every state ... when such common law or statute shall have been *put in issue by the pleadings.*" [Emphasis supplied.] In the same title, the laws of jurisdiction outside the United States are required to be specifically pled and proved pursuant to Sections 19-3-160 and 19-3-170.

Being of the opinion that the petitioner, by asking the Family Court of South Carolina to give full faith and credit to the Texas support orders she, in effect, placed in issue Texas statutory law regarding support.

I would affirm the Family Court order.

---

[1] See Lightsey and Flanagan, *South Carolina Civil Procedure* at 119-122 (2d ed. 1985).