## 0775

John Marshall SPEARMAN, Appellant v. Sarah Elizabeth SPEARMAN, Respondent.

(348 S. E. (2d) 177)

Court of Appeals

*R. Murray Hughes*, Pickens, *for appellant.*

*Kenneth D. Acker*, Pickens, *for respondent.*

Heard June 16, 1986.

Decided Aug. 18, 1986.

SHAW, Judge:

In this domestic action, the appellant-husband, John Marshall Spearman, appeals a family court order increasing the alimony he is required to pay the respondent-wife, Sarah Elizabeth Spearman. We affirm.

These parties, after seventeen years of marriage, were divorced in April of 1978. The wife was awarded $50.00 per month alimony, custody of the parties' two children, child support, and possession of the marital home. The husband was required to pay the mortgage, taxes, and insurance on the home. Both parties treated these payments regarding the house as alimony on their respective tax returns.

Subsequent to the divorce, one child reached the age of eighteen and custody of the younger child was transferred to the husband. The husband later petitioned the family court to order the marital home sold. The wife counterclaimed for an increase in alimony. In January of 1983, the family court ordered the marital home sold and increased the wife's alimony to $100.00 per month based on a change of circumstances. The court also ordered the husband, upon sale of the home, to continue paying the wife the amount he had been paying for the mortgage, taxes, and insurance on the home, as alimony.

The family court reserved the right to again review the issue of alimony after the sale of the home. Following a hearing subsequent to the sale of the home, the family court ordered the husband to pay $300.00 per month alimony. The husband argues the family court erred in awarding the wife

an increase in alimony. He claims (1) the court failed to consider the wife's increased assets, (2) the evidence of the wife's expenses was speculative, and (3) the court failed to compare the parties' respective incomes with their expenses.

This court has jurisdiction, in an appeal from the family court, to find facts according to its own view of the preponderance of the evidence. *Smith v. Smith,* 275 S. C. 494, 272 S. E. (2d) 797 (1980). However, the court in *Smith* cautioned, "... this ... does not require us to disregard the findings of the lower court...." 272 S. E. (2d) 797, 798 (1980). The family court clearly has the authority to increase alimony obligation upon a finding of changed circumstances. S. C. Code Ann. § 20-3-170 (1976), as amended.

We hold the family court did not err in increasing the wife's alimony. Prior to the appealed order, the husband was paying a total of approximately $187.00 per month.[1] This figure includes alimony plus the payments on the marital home. The family court increased the husband's obligation $113.00 per month to $300.00.

Contrary to the husband's argument, the court considered the fact the wife's stock, which she owned prior to the marriage, had increased significantly, due to a stock split. However, the husband's assets also increased significantly by the final hearing.

The husband claims the court erroneously relied on the wife's projected expenses for housing because such expenses are speculative. The judge explicitly said in his order, "... I cannot deal with the speculative expenses of what her [the wife] expenses [for a home] would be." The court discussed numerous factors in its decision such as the health, earning capacity, present income, and present standard of living of both parties. Based on his findings regarding these and other factors, we cannot say the family court abused its discretion in increasing the wife's alimony $113.00 per month.

Finally, the husband's argument the court failed to consider the parties' respective incomes and expenses is meritless. The court explicitly considered both in reference to

---

[1] There is a minor dispute over this figure among the parties. However, both parties place the correct amount between $182.00 and $187.00.

the parties' testimony and financial declarations.

Affirmed.

SANDERS, C. J., and BELL, J., concur.