23588

Bobby Joe HARRIS, Respondent v. JoAnn F. HARRIS, Appellant.

(415 S.E. (2d) 391)

Supreme Court

*Gary T. Pope*, of *Pope and Hudgens, P.A.*, Newberry, *for appellant.*

*Baety O. Gross, Jr.*, of *Gross & Gault*, Fountain Inn, *for respondent.*

Heard Jan. 8, 1992.

Decided March 2, 1992.

CHANDLER, Justice:

Appellant JoAnn Harris (Mother) appeals an Order denying her motion for a retroactive child support increase from Respondent Bobby Joe Harris (Father). We reverse in part, affirm in part, and remand.

## FACTS

In February, 1987, Mother and Father entered into a property settlement agreement providing, in part, that Father pay $500 per month child support for the couple's son, then age five. This payment was based upon Father's income, reported in his financial declaration as $48,000 per year, as manager of the Newberry Natural Gas Authority. On September 17, 1987, the settlement agreement was incorporated into the couple's subsequent divorce decree.

On August 6, 1990, Father was convicted on seventeen counts of extortion in connection with his private business as a natural gas broker. He started the business in 1987 and, in the years 1987 to 1990, earned over $400,000, in addition to his salary as manager of the Natural Gas Authority. His financial declaration omitted any reference to the brokerage business; Mother was unaware of the existence of the business or Father's profits until reading of his conviction in the newspaper.

On August 30, 1990, Father commenced an action for reduction of child support. Wife counterclaimed, asking for a retroactive increase in the support award due to Father's undisclosed earnings from the years 1987 to 1990. She also petitioned for prospective increase of child support based upon changed circumstances.

Family Court, interpreting S.C. Code Ann. § 20-7-933 (Supp. 1990), held that it was without jurisdiction to order retroactive modifications. It further denied any change in the award of $500 per month, concluding that Father's current income from his retirement pension, coupled with the absence of any living expenses while incarcerated, placed him in essentially the same financial position as in 1987. Wife appeals the denial of an increase, retroactive and prospective, in child support.

We reverse in part, affirm in part, and remand.

## ISSUE

Does S.C. Code Ann. § 20-7-933 (Supp. 1990) bar retroactive child support increases under the facts of this case?

## DISCUSSION

### RETROACTIVE CHILD SUPPORT MODIFICATIONS

1, 2    S.C. Code Ann. § 20-7-933 (Supp. 1990) provides:

> The family court has the authority to enforce the provisions of any decree, judgment, or order regarding child support of a court of this State, including cases with jurisdiction based on the revised Uniform Reciprocal Enforcement of Support Act, provided that persona jurisdiction has been properly established. *This authority includes the right to modify any such decree, judgment, or order for child support as the court considers necessary upon a showing of changed circumstances. No such modification is effective as to any installment accruing prior to filing and service of the action for modification.* Additionally, the family court has the right to hold any arrearage in child support in abeyance. (Emphasis added.)

We hold that the statute does not bar retroactive child support increases in special circumstances where, to do so, would result in serious injustice. Here, Father's failure to disclose his increased earnings from 1987 to 1990 constitutes a special circumstance warranting a retroactive increase.

South Carolina, as *parens patriae*, protects and safeguards the welfare of its children. Family Court is vested with the exclusive jurisdiction to ensure that, in all matters concerning a child, the best interest of the child is the paramount consideration. S.C. Code Ann. § 20-7-400 (1985).

This Court, in construing a statute, must effectuate the intent of the legislature. We are not, however, "always confined to the literal meaning of a statute; the real purpose and intent of the lawmakers will prevail over the literal import of the words." *Gunnels v. American Liberty Ins. Co.*, 251 S.C. 242, 247, 161 S.E. (2d) 822, 824 (1968); *S.C. Dept. of Social Services v. Forrester*, 282 S.C. 512, 320 S.E. (2d) 39 (Ct. App. 1984).

Moreover, "statutes which deprive a court of jurisdiction are to be strictly construed, and must be examined in light of the object of the enactments, the purposes they are to serve, and the mischief they are to remedy. . . ." *Smalls v. Weed*, 293 S.C. 364, 368, 360 S.E. (2d) 531, 533 (Ct. App. 1987) [citing *United States v. American Bell Tel. Co.*, 159 U.S. 548, 16 S. Ct. 69, 40 L. Ed. 255 (1895)].

South Carolina Code Ann. § 20-7-933 was enacted to effect compliance with federal child support enforcement procedures prohibiting retroactive modification of child support *arrears*, the rationale being that such payments, once accrued, are vested. 42 U.S.C.A. § 666(a)(9) (1991). However, to apply § 20-7-933 as an *absolute* bar to retroactive *increases* gives rise to manifest injustice and, as here, would result in condonation of the fraud perpetrated upon the court by Father.

We interpret § 20-7-933 as expressing the legislative intent that the retroactive bar apply on to arrears that have accrued at the time a petition for modification is filed.

Accordingly, we remand to Family Court for a determination of whether a retroactive increase of child support should be awarded for the years 1987 to 1990.

All remaining issues are affirmed pursuant to Appellate Rule 220(b)(1).

Reversed in part; affirmed in part; and remanded.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.