THIS OPINION HAS NO 
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY 
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Miriam B. Vallentine,       
Respondent,
 
 
 

v.

 
 
 
Jack B. Vallentine, III,       
Appellant.
 
 
 

Appeal From Orangeburg County"
Anne Gue Jones, Family Court Judge

Unpublished Opinion No. 2004-UP-529   
Submitted October 1, 2004  Filed October 20, 2004 

AFFIRMED

 
 
 
Cynthia Bailey Berry, of Orangeburg, for Appellant.
John G. Felder and Bates N. Felder, both of St. Matthews, 
 for Respondent.
Sean Paul Thornton, of Walterboro, for Guardian ad Litem.
 
 
 

PER CURIAM:  The family court granted Miriam 
 Vallentine a divorce from Jack Vallentine on the ground of one years continuous 
 separation and equitably apportioned the parties marital assets.  As part of 
 the apportionment, the court granted Mr. Vallentine sole ownership and possession 
 of the home the parties resided in and three surrounding acres, as well as a 
 fifteen-acre tract and a twenty-two-acre tract, but ordered him to pay Mrs. 
 Vallentine $58,330.00 for her interest in these assets.  Mr. Vallentine appeals, 
 arguing the court erred in finding the home and three acres, which he had inherited, 
 had been transmuted into marital property that was subject to equitable apportionment.  
 We affirm. [1] 
FACTS
The Vallentines were married on August 2, 1971.  
 Both parties are in good health.  Mr. Vallentine has a reliable job that has 
 contributed to the accumulation of marital assets.  His income is more than 
 four times that of Mrs. Vallentine.    
Mrs. Vallentine performed most of the household 
 duties and childcare throughout the marriage.  The parties youngest child, 
 Jeffery, was born with Downs syndrome on July 10, 1985.  Mrs. Vallentine spent 
 the majority of her time at home caring for their special-needs child since 
 his birth.  The court noted this was a marital decision by the parties.    
For the majority of their marriage, the 
 Vallentines lived in a home owned by Mr. Vallentines grandmother and for which 
 they paid her rent when she moved to a nursing home.  The Vallentines raised 
 their three children there.  Mr. Vallentine inherited the house and the three 
 surrounding acres when his grandmother died.  
While living at the home, in addition to providing 
 continuous care to their special-needs child, Mrs. Vallentine worked to improve 
 the appearance of the property.  She planted a variety of flowers in the yard 
 and was primarily responsible for the general care and maintenance of the property.  
 Mr. Vallentine also worked to improve the house by painting the interior and 
 doing work on the exterior of the home.  
The family court found the home where 
 the parties resided and the three surrounding acres had been transmuted into 
 marital property that was subject to equitable apportionment.  The court awarded 
 this property to Mr. Vallentine, but ordered him to pay Mrs. Vallentine $58,330.00 
 for her interest in these assets and two other tracts. [2]   Mr. Vallentine retained all 
 other real estate held in his name.  On appeal, Mr. Vallentine argues the family 
 court erred in finding that the home and three acres was marital property subject 
 to equitable apportionment.
LAW/ANALYSIS
The family court has wide discretion 
 in equitably apportioning marital property, and its decision will not be disturbed 
 on appeal absent an abuse of discretion.  Murphy v. Murphy, 319 S.C. 
 324, 461 S.E.2d 39 (1995).
An abuse of discretion occurs 
 when the judge is controlled by some error of law or where the order, based 
 upon findings of fact, is without evidentiary support.  Dearybury v. Dearybury, 
 351 S.C. 278, 282, 569 S.E.2d 367, 369 (2002); see also Stewart v. 
 Floyd, 274 S.C. 437, 265 S.E.2d 254 (1980).
In appeals involving equity actions, including 
 those tried in the family court, an appellate court has authority to find facts 
 in accordance with its own view of the preponderance of the evidence.  Rutherford 
 v. Rutherford, 307 S.C. 199, 414 S.E.2d 157 (1992).  Nevertheless, this 
 broad scope of review does not require an appellate court to disregard the findings 
 of the family court, which saw and heard the witnesses and was in a better position 
 to evaluate their credibility.  Strout v. Strout, 284 S.C. 429, 327 S.E.2d 
 74 (1985).
Although inherited property 
 is generally considered a nonmarital asset, it can be transmuted into marital 
 property under certain conditions:

[W]hile property acquired by either 
 party by inheritance from a party other than the spouse is generally considered 
 nonmarital property, nonmarital property may be transmuted into marital property 
 if:  (1) it becomes so commingled with marital property as to be untraceable; 
 (2) it is jointly titled; or (3) it is utilized by the parties in support of 
 the marriage or in some other manner so as to evidence an intent by the parties 
 to make it marital property.

Widman v. Widman, 348 S.C. 
 97, 117, 557 S.E.2d 693, 703 (Ct. App. 2001);  see also Hussey v. 
 Hussey, 280 S.C. 418, 312 S.E.2d 267 (Ct. App. 1984).  Transmutation is 
 a matter of intent, which must be gleaned from the facts of each case.  Widman, 
 348 S.C. at 117, 557 S.E.2d at 703-04. 
In this case, the evidence suggests 
 the parties utilized the property in support of the marriage and intended to 
 make the house and three acres marital property.  The parties lived in the house 
 during most of their marriage, raised their children in the home, and worked 
 together to maintain and improve the property. 
The parties originally 
 rented a house; however, when Mr. Vallentine inherited the property in question, 
 he proposed that the parties make the inherited property their home.  According 
 to Mrs. Vallentine, ever since they were engaged, Mr. Vallentine told her that 
 one day they would live in the house and raise their children there.  
Further, Mr. Vallentine testified 
 that Mrs. Vallentine often complained that she did not feel like the inherited 
 property was her own house.  He testified, however, that he reassured her that 
 it was her home.  
Considering all of the evidence, 
 we find no abuse of discretion in the family courts decision to treat the home 
 the parties resided in and the three surrounding acres as marital property and 
 to require Mr. Vallentine to pay his wife a sum for her interest.  Accordingly, 
 the order of the family court is 
AFFIRMED.
GOOSLBY, ANDERSON, and WILLIAMS, JJ., concur.

 
 
 [1]   This case is decided without oral argument pursuant to Rule 215, 
 SCACR.

 
 
 [2]   As noted above, we construe the family courts order as requiring 
 the sum to be paid to Mrs. Vallentine for her interest in not only the home 
 and three acres, but for two other tracts of fifteen acres and twenty-two 
 acres.