THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Michael C. Walters, Appellant,
v.
 Laura A. Pitts, Respondent
 
 
 

Appeal From Spartanburg County
 James F. Fraley, Jr., Family Court Judge

Unpublished Opinion No. 2006-UP-174
Heard February 7, 2006  Filed March 22, 2006

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED

 
 
 
Jim S. Brooks, of Spartanburg, for Appellant.
Michael Todd Thigpen, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Michael Walters filedan action requesting a recalculation of child support payments to Laura Pitts.  The family court  increased Walters child support obligation retroactive to January 1, 2002, required Walters to pay via wage withholding through the Spartanburg County Clerk of Courts Office, and ordered Walters to pay Pitts attorneys fees and costs.  Walters appeals the family courts ruling.  We affirm in part, reverse in part, and remand.   
FACTS
Michael C. Walters and Laura A. Pitts were divorced under a Joint Bill for Divorce filed in Mississippi on January 18, 2001.  Walters and Pitts are the parents of one minor child, William Tyler Walters, who was born December 16, 1996.  
Under a Child Support Consent Order (Consent Order) issued by the Juvenile and Domestic Relations Court of Chesterfield County, Virginia on February 7, 2001, Walters and Pitts agreed Walters would pay Pitts $550 per month as child support.  Walters and Pitts further agreed the support payments would begin January 1, 2001, and would be by way of payroll deduction.  In addition, the Consent Order provides: 

The parties stipulate that they are aware of the presumptive amount of child support called for in this case by the Virginia Child Support Guidelines as set forth in § 20-108.2 of the Code of Virginia.  The parties further stipulate that the amount of support agreed upon herein is a voluntary downward deviation from said guidelines which shall remain in effect until January 1, 2002.  This deviation is agreed upon in order to aid Michael C. Walters in establishing himself in a new residence in Texas.  Both parties are aware that either of them may petition the Court for a modification of this order upon a showing of a material change in circumstances.  The parties stipulate that a material change of circumstances shall be deemed to have occurred when their agreement to a downward deviation expires January 1, 2002.    

On May 13, 2002, Pitts filed an action in Spartanburg County seeking to modify the amount of child support set in the Consent Order.  Although Pitts alleges she did not give her authorization, this action was dismissed under an Order of Dismissal filed January 9, 2003, for lack of personal jurisdiction over Walters.  
In June 2003, Walters brought an action in Texas concerning enforcement of visitation.  On June 13, 2003, Walters and Pitts entered into an Agreed Order of Enforcement regarding visitation;  Pitts was also ordered to pay $4,100 to Walters for attorneys fees and costs.  
In May 2003, Pitts filed another action in Spartanburg County, seeking a modification of Walters visitation and an increase in child support.  Walters moved to dismiss the action on the ground that the court lacked personal jurisdiction over him.  By order dated October 10, 2003, the court concluded it had jurisdiction to hear and determine visitation, but lacked jurisdiction to modify Walters child support obligation.  On November 14, 2003, the court issued an order modifying Walters visitation; the order did not address child support.  
On December 29, 2003, Pitts filed an action in Texas, where Walters was residing at the time, seeking modification of the Consent Order.  Walters then filed this action in Spartanburg, and filed a Motion to Dismiss the Texas action alleging South Carolina was a more appropriate forum.  Subsequently, Pitts Texas action was dismissed pursuant to a Notice of
Nonsuit.  
Walters complaint in this action was filed on January 30, 2004, and requested a recalculation of child support payments.  Walters failed to appear at the scheduled hearing, and the court concluded it would be fair and equitable to both parties for the hearing to be one for temporary relief.  Under a Temporary Order filed October 8, 2004, the court: (1) increased Walters child support obligation retroactive to January 1, 2002; (2) concluded Walters owed a total of $7,765 as retroactive child support; (3) increased Walters net monthly child support obligation to $811; (4) directed Walters to provide Pitts with up-to-date financial information and a current address; and (5) ordered Walters to pay Pitts $1,000 for attorneys fees and costs. 
A final hearing was held on January 19, 2005.  Under a Final Order, dated March 11, 2005, the court: (1) recalculated Walters child support obligation pursuant to the South Carolina Child Support Guidelines;[1] (2) held Walters owes Pitts a total child support arrearage of $9,569;[2] (3) required Walters to pay via wage withholding through the Spartanburg County Clerk of Courts Office; (4) required Walters to repay retroactive child support award and arrearage at the rate of $200 per month; (5) required Walters and Pitts to maintain health insurance coverage on their minor child and divide excess, uncovered medical expenses for their minor child; and (6) ordered Walters to pay $2,150, by way of contribution, for Pitts attorneys fees and costs.  
Walters appeals the family courts order.  Specifically, Walters appeals the award of retroactive child support increases prior to August 15, 2004, and the manner of payment through the court.  In addition, Walters requests a credit for excess payments and attorneys fees he paid to Pitts. 
STANDARD OF REVIEW
In an action on appeal from the family court, the appellate court may find facts in accordance with its own view of the preponderance of the evidence. 
Engle v. Engle, 343 S.C. 444, 448, 539 S.E.2d 712, 714 (Ct. App. 2000) (citation omitted).  The appellate court is not, however, required to ignore the fact that the family court, who saw and heard the witnesses, was in a better position to evaluate their credibility and assign comparative weight to their testimony.  Hooper v. Rockwell, 334 S.C. 281, 297, 513 S.E.2d 358, 367 (1999) (citation omitted).  Child support awards are addressed to the sound discretion of the trial judge and, absent an abuse of discretion, will not be disturbed on appeal. 
Engle, 343 S.C. at 448, 539 S.E.2d at 714 (citation omitted).  An abuse of discretion occurs when the court is controlled by some error of law or where the order, based upon findings of fact, is without evidentiary support.  Kelley v. Kelley, 324 S.C. 481, 485, 477 S.E.2d 727, 729 (Ct. App. 1996).             
LAW/ANALYSIS
I.                  Retroactive Child Support
Walters argues the family court erred in increasing Walters child support obligations retroactive to January 1, 2002.  We agree the family court erred in retroactively increasing child support to January 1, 2002, but find the facts warrant a retroactive increase to December 29, 2003.  
A prior action concerning child support is res judicata only as long as the circumstances existing at the time of the prior action have remained the same.  Marsh v. Hancock, 288 S.C. 341, 345, 342 S.E.2d 607, 609 (1986) (citation omitted).  An order of child support is subject to modification upon the showing of a sufficient change of conditions.  Hughes v. Hughes, 280 S.C. 388, 390, 313 S.E. 2d 32, 33 (Ct. App. 1984) (citation omitted).  [C]hild support is always modifiable upon a proper showing of a change in either the childs needs or the supporting parents financial ability.  Calvert v. Calvert, 287 S.C. 130, 137, 336 S.E.2d 884, 888 (Ct. App. 1985).  
The decision to award retroactive child support rests in the sound discretion of the family court. 
Engle v. Engle, 343 S.C. 444, 453, 539 S.E.2d 712, 716 (Ct. App. 2000) (citation omitted).  Section 20-7-933 of the South Carolina Code (Supp. 2005) provides: 

The family court has the authority to enforce the provisions of any decree, judgment, or order regarding child support of a court of this State, including cases with jurisdiction based on the revised Uniform Reciprocal Enforcement of Support Act, provided that personal jurisdiction has been properly established. This authority includes the right to modify any such decree, judgment, or order for child support as the court considers necessary upon a showing of changed circumstances. No such modification is effective as to any installment accruing prior to filing and service of the action for modification. Additionally, the family court has the right to hold any arrearage in child support in abeyance.

Section 20-7-933 does not bar retroactive child support increases in special circumstances where, to do so, would result in serious injustice.  Harris v. Harris, 307 S.C. 351, 353, 415 S.E.2d 391, 392-393 (1992).  The power to award retroactive child support depends upon the facts and circumstances of each case.  Wint v. Wint, 310 S.C. 48, 50, 425 S.E.2d 48, 50 (Ct. App. 1992) (citation omitted).
Initially, we find a sufficient change of circumstances existed to warrant a modification of the child support obligation.  This action was commenced in January 2004, and the Consent Order specifically provides that a material change of circumstances shall be deemed to have occurred when their agreement to a downward deviation expires January 1, 2002.  Moreover, the Consent Order was based on a downward deviation to aid [Walters] in establishing himself in a new residence in Texas, and sufficient time has elapsed to satisfy this basis.  In addition, Walters has received a pay raise.  
Pursuant to section 20-7-933, the family court may modify a child support obligation without a showing of special circumstances to the date of filing.  Indeed, Walters admitted the court may retroactively modify the support obligation to the date of the filing of this action.  Thus, because the present action was filed on January 30, 2004, this court needs only to determine whether special circumstances existed to warrant a retroactive modification before that date.    
The family court held special circumstances existed to warrant a retroactive increase to January 1, 2002, mainly because the fact that [Walters] subsequently filed this action in an effort to deprive the Texas Court of jurisdiction . . . makes it appear [Walters] primary motive for asking this Court to dismiss the 2002 and 2003 actions was to avoid having his child support obligation recalculated.  The family court also noted Walters failed to appear at the originally scheduled hearing and failed to provide his attorney with up-to-date income information.  
We find, under the facts of this case, special circumstances do not exist to warrant a retroactive child support increase to January 1, 2002, but special circumstances do exist to warrant a retroactive increase to December 29, 2003.  On December 29, 2003, Pitts, for the first time, filed an action seeking an increase in child support in an appropriate jurisdiction.  Prior to December 29, 2003, the ultimate cause of delay lies with Pitts; Pitts needed only to file in an appropriate jurisdiction in order to have the child support obligation modified.  Based on these facts, no serious injustice can be reasonably construed to warrant a retroactive increase to January 1, 2002, and the trial court committed an abuse of discretion in so finding.                
However, once Pitts filed in an appropriate jurisdiction, Walters became solely responsible for the ensuing delays in modification.  The fact that Walters subsequently filed this action in South Carolina, a state where Walters previously contested jurisdiction on two separate occasions, can only be interpreted as an attempt to manipulate the system and delay modification.  To allow Walters to benefit from such delay tactics would result in a serious injustice. Harris, 307 S.C. at 353, 415 S.E.2d at 393.[3]  
Walters, citing Harris, argues a party must show a fraud upon the court to warrant a retroactive child support modification.  However, Walters misconstrues Harris.  In Harris, the court found that the [f]athers failure to disclose his increased earnings from 1987 to 1990 constitutes a special circumstance warranting a retroactive increase.  Id. at 353, 415 S.E.2d at 393.  In Harris, the father failed to make any reference to his brokerage business in his financial declaration, and thus, the support obligation was based upon inaccurate income information.  Id. at 352, 415 S.E.2d at 392.  Similarly, in this case, Walters delay tactics caused the support obligation paid, since December 29, 2003, to be based upon income information that was inaccurate.   
Pursuant to the above, we remand to the family court to recalculate Walters total arrears, if any.  In the alternative, the family court must give Walters credit for any excess payments.  The family court must determine the most appropriate method for either paying the arrears or giving Walters a credit.  
II.              
Payment to Clerk of Court 
Walters contends the family court abused its discretion in requiring child support payments to be made through the clerk of court.  We disagree. 
In cases in which support orders are issued or modified . . . the income of an obligor is subject to immediate withholding as of the effective date of the order without requirement that an arrearage accumulate.  S.C. Code Ann. § 20-7-1315(B)(1) (Supp. 2005).  However, section 20-7-1315 further provides income is not subject to withholding if: (a) one of the parties demonstrates and the court finds that there is good cause not to require immediate income withholding; or (b) a written agreement is reached between both parties which provides for an alternative arrangement.
The record indicates, pursuant to the Consent Order, Walters has always paid support payments by way of payroll deduction through the Virginia Department of Social Services.[4]  In addition, Walters lives out of state and, as the trial court noted, wage withholding is the most reliable way to ensure that [Walters] pays his child support payments.  Therefore, we find the family court did not commit an abuse of discretion in requiring Walters to pay child support payments via wage withholding.            
III.          
Attorney Fees and Costs  
Walters asserts the family courts awarding of attorneys fees to Pitts should be remanded and reconsidered if Walters appeal is successful.  We disagree.
An award of attorneys fees and costs is a discretionary matter not to be overturned absent abuse by the trial court.  Donahue v. Donahue, 299 S.C. 353, 365, 384 S.E.2d 741, 748 (1989).  In determining whether an attorneys fee should be awarded, the following factors
should be considered: (1) the partys ability to pay his/her own attorneys fee; (2) beneficial results obtained by the attorney; (3) the parties respective financial conditions; (4) effect of the attorneys fee on each partys standard of living.  E.D.M. v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992).  The factors the family court should consider in awarding reasonable attorneys fees and costs include: (1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; and (6) customary legal fees for similar services. Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991).     

 The record supports the family courts specific findings of fact on the relevant issues.  In addition, Walters contributed to the increased fees by causing the Texas action to be dismissed, and failing to appear at the originally scheduled hearing.  Although we ruled in Walters favor by reversing the retroactive increase of child support payments from January 1, 2002 to December 29, 2003, this alone is not dispositive of our decision regarding the award of attorneys fees to Pitts.  See 
Browning v. Browning, 366 S.C. 255, 269, 621 S.E.2d 389, 396 (Ct. App. 2005) (declining to vacate Wifes award of attorneys fees even though appellate court ruled in favor of Husband on several issues when court ruled for Wife on other issues, Husband failed to comply with terms of Property Settlement Agreement, and family court properly considered other requisite factors).  Thus, we find the family court did not abuse its discretion in awarding attorneys fees to Pitts. 
CONCLUSION
Based on the foregoing, we find the family court committed an abuse of discretion in retroactively increasing Walters child support obligation to January 1, 2002.  We hold Walters child support obligation should be increased retroactive to December 29, 2003.  We further find the family court did not abuse its discretion in requiring Walters to pay child support through the clerk of court.  We also find Pitts is entitled to an award for attorneys fees and costs.  We remand to the family court to recalculate Walters child support obligation based on the foregoing.  The decision of the family court is accordingly
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1] The court increased Walters net monthly child support obligation to $967 through March 15, 2005; thereafter, Walters net monthly child support obligation was set at $904 because the parties agreed the support obligation should be reduced when Walters new child is born in late March.  
[2] This figure was arrived at by combining $8,723 as retroactive child support ($7,765 that Walters was directed to pay as retroactive child support under the October 8, 2004 Temporary Order, and $958 as additional arrearage accumulated after the Temporary Hearing) with the increased support payments based on Walters up-to-date financial information retroactive to August 15, 2004.  
[3] We note Pitts voluntary dismissal of the Texas action should not be held against her because she was attempting to expedite modification.  
[4] In Virginia, orders for wage withholding require the employer of the obligor to send the withheld amount to the Virginia Department of Social Services who then disburses the funds to the obligee.  See Va. Code Ann. § 20-79.1(2005).