**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Phillip T. Young, Appellant,

v.

Joy A. Young, Respondent.

Appellate Case No. 2013-002007

---

Appeal From Lexington County
Deborah Neese, Family Court Judge

---

Unpublished Opinion No. 2014-UP-464
Submitted November 1, 2014 – Filed December 17, 2014

---

**AFFIRMED**

---

Phillip T. Young, of Chapin, pro se.

Almand James Barron, of The Law Offices of Shea & Barron, of Columbia, for Respondent.

---

**PER CURIAM:** Phillip T. Young appeals the family court's award of $7,500 in attorney's fees to Joy A. Young, arguing (1) the family court erred in awarding attorney's fees and (2) the fee award was excessive. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the family court erred in awarding attorney's fees:  *Dickert v. Dickert*, 387 S.C. 1, 10, 691 S.E.2d 448, 452 (2010) ("Whether to award attorney's fees is a matter within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (holding the family court should consider the following factors when determining whether to award attorney's fees:  (1) the party's ability to pay her own attorney's fees; (2) any beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) the effect of the attorney's fees on each party's standard of living); *Griffith v. Griffith*, 332 S.C. 630, 646, 506 S.E.2d 526, 534-35 (Ct. App. 1998) (stating that when the family court awards attorney's fees, it "must make specific findings of fact on the record for each of the required factors"); *Strout v. Strout*, 284 S.C. 429, 430-31, 327 S.E.2d 74, 75 (1985) (stating that if the family court's order fails to set out the appropriate findings, this court has jurisdiction to make its own findings of fact in accordance with its view of the preponderance of the evidence); *Dickert*, 387 S.C. at 5-6, 691 S.E.2d at 450 (providing this court may defer to the findings of the family court because the family court sits in a better position to evaluate credibility of witnesses and weigh their testimony).

2.  As to whether the fee award was excessive:  *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [family] court."); *Hickman v. Hickman*, 301 S.C. 455, 456, 392 S.E.2d 481, 482 (Ct. App. 1990) (providing a party cannot use a Rule 59(e), SCRCP, motion to present an issue he could have raised prior to judgment but did not).

**AFFIRMED.**[1]

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.