**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ashley Couch, Appellant/Respondent,

v.

Rita Couch, Respondent/Appellant.

Appellate Case No. 2013-000802

Appeal From Jasper County
Gerald C. Smoak, Jr., Family Court Judge

Unpublished Opinion No. 2015-UP-045
Heard January 15, 2015 – Filed January 28, 2015

**AFFIRMED**

Emma I. Bryson, of Bryson Law Office, LLC, of Columbia, and Catherine D. Badgett, of Ridgeland, for Appellant/Respondent.

Pamela W. Blackshire, of Clark & Stevens, of Hilton Head, and Donald B. Clark, of the Law Office of Donald B. Clark, LLC, of Charleston, for Respondent/Appellant.

Marshall L. Horton, of Horton Law Firm, LLC, of Bluffton as Guardian Ad Litem.

**PER CURIAM:**  In this appeal from the family court, Ashley Couch (Father) argues the family court erred in (1) finding he failed to prove a material change in circumstances substantially affecting his children's welfare and warranting a change in custody; (2) making Rita Couch (Mother) the "tie-breaker" in parental decision-making; and (3) awarding Mother attorney's fees.  Mother cross-appeals arguing the family court erred in awarding her only one-third of the attorney's fees and costs she incurred.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:  *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651-52 (2011) (holding this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the court to disregard the findings of the family court, which is in a superior position to make credibility determinations);  *Latimer v. Farmer*, 360 S.C. 375, 381, 602 S.E.2d 32, 35 (2004) ("[W]hen a non-custodial parent seeks a change in custody, the non-custodial parent must establish the following: (1) there has been a substantial change in circumstances affecting the welfare of the child and (2) a change in custody is in the overall best interests of the child."); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (holding the family court should consider the following factors when determining whether to award attorney's fees: "(1) the party's ability to pay her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (holding the family court should consider the following factors when determining the amount of reasonable attorney's fees: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Griffith v. Griffith*, 332 S.C. 630, 646, 506 S.E.2d 526, 534-35 (Ct. App. 1998) (stating that when the family court awards attorney's fees, it "must make specific findings of fact on the record for each of the required factors"); *Strout v. Strout*, 284 S.C. 429, 430-31, 327 S.E.2d 74, 75 (1985) (stating that if the family court's order fails to set out the appropriate findings, this court has jurisdiction to make its own findings of fact in accordance with its view of the preponderance of the evidence).

**AFFIRMED.**

**FEW, C.J., and THOMAS and LOCKEMY, JJ., concur.**