**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Edward Bull, III, Appellant,

v.

Victoria Raycene Bull, Respondent.

Appellate Case No. 2013-002204

———————————

Appeal From Newberry County
Joseph W. McGowan, III, Family Court Judge

———————————

Unpublished Opinion No. 2015-UP-290
Heard March 17, 2015 – Filed June 17, 2015

———————————

**AFFIRMED**

———————————

Mindy Westbrook Zimmerman, of Zimmerman & Shealy, LLC, of Newberry, for Appellant.

Carrie Ann Warner, of Carrie A. Warner, Attorney at Law, LLC, of Columbia, for Respondent.

———————————

**PER CURIAM:** In this appeal from the family court, William Edward Bull, III (Husband), argues the family court erred in (1) finding he was in willful contempt for failing to comply with the requirements set forth in the final divorce decree and settlement agreement; (2) disregarding an automatic stay imposed by the

bankruptcy court; and (3) awarding Vicky Bull (Wife) attorney's fees. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the family court erred in finding Husband was in willful contempt for failing to comply with the requirements set forth in the final divorce decree and settlement agreement: *Simmons v. Simmons*, 392 S.C. 412, 414-15, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 392 S.C. 381, 384-85, 709 S.E.2d 650, 651-52 (2011) (holding this court has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the court to disregard the findings of the family court, which is in a superior position to make credibility determinations); *Hawkins v. Mullins*, 359 S.C. 497, 501, 597 S.E.2d 897, 899 (Ct. App. 2004) ("A party may be found in contempt of court for the willful violation of a lawful court order."); *Ex parte Lipscomb*, 398 S.C. 463, 469, 730 S.E.2d 320, 323 (Ct. App. 2012) (quoting *Ex parte Cannon*, 385 S.C. 643, 661, 685 S.E.2d 814, 824 (Ct. App. 2009)) ("A willful act is one . . . done voluntarily and intentionally with the specific intent to do something the law forbids, or with the specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or disregard the law.").

2. As to whether the family court erred in disregarding an automatic stay imposed by the bankruptcy court: *Doe v. Doe*, 370 S.C. 206, 212, 634 S.E.2d 51, 54 (Ct. App. 2006) ("To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court.").

3. As to whether the family court erred in awarding Wife attorney's fees: *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (holding the family court should consider the following factors when determining whether to award attorney's fees: "(1) the party's ability to pay her own attorney's fee; (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; and (4) effect of the attorney's fee on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (holding the family court should consider the following factors when determining the amount of reasonable attorney's fees: "(1) the nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Griffith v. Griffith*, 332 S.C. 630, 646, 506 S.E.2d 526, 534-35 (Ct. App. 1998) (stating that when the family court awards attorney's

fees, it "must make specific findings of fact on the record for each of the required factors"); *Strout v. Strout*, 284 S.C. 429, 430-31, 327 S.E.2d 74, 75 (1985) (stating that if the family court's order fails to set out the appropriate findings, this court has jurisdiction to make its own findings of fact in accordance with its view of the preponderance of the evidence).

**AFFIRMED.**

**SHORT, LOCKEMY, and MCDONALD, JJ., concur.**