**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Fawn Sturgill, Brian Sturgill, Rafael Vidal Sr., David Brode, Jessie Williams, and Christopher Williams,
Defendants,

Of whom Jessie Williams is the Appellant.

In the interest of minors under the age of eighteen.

Appellate Case No. 2022-000359

———————————

Appeal From Horry County
Ronald R. Norton, Family Court Judge

———————————

Unpublished Opinion No. 2022-UP-368
Submitted September 21, 2022 – Filed October 3, 2022

———————————

**AFFIRMED**

———————————

Nancy Carol Fennell, of Irmo, for Appellant.

Christopher Craig Jackson, of Chris Jackson Law Firm LLC, of Mauldin; and Scarlet Bell Moore, of Greenville, both for Respondent.

Michael Julius Schwartz, of Russell B. Long, PA, of Myrtle Beach, for the Guardian ad Litem.

---

**PER CURIAM:** Jessie Williams appeals the family court's merits order. *See* S.C. Code Ann. § 63-7-1660(E) (2010) (setting forth findings a family court must make when removing children from the custody of their parents); S.C. Code Ann. § 63-7-1640(C) (Supp. 2021) (setting forth situations when a family court may authorize DSS to forego reasonable efforts at family reunification). Upon a thorough review of the record and the family court's findings of fact and conclusions of law pursuant to *Ex parte Cauthen*, 291 S.C. 465, 354 S.E.2d 381 (1987),[1] we find no meritorious issues warrant briefing. Accordingly, we affirm the family court's ruling.[2]

**AFFIRMED.**[3]

**GEATHERS, MCDONALD, and HILL, JJ., concur.**

---

[1] *See also S.C. Dep't of Soc. Servs. v. Downer*, S.C. Sup. Ct. Order dated Feb. 2, 2005 (expanding the *Cauthen* procedure to situations when "an indigent person appeals from an order imposing other measures short of termination of parental rights").

[2] "Our courts have consistently held the '[f]amily [c]ourt is vested with the exclusive jurisdiction to ensure that, in all matters concerning a child, the best interest of the child is the paramount consideration.'" *Kosciusko v. Parham*, 428 S.C. 481, 501, 836 S.E.2d 362, 373 (Ct. App. 2019) (quoting *Harris v. Harris*, 307 S.C. 351, 353, 415 S.E.2d 391, 393 (1992)). We clarify Williams may petition the family court for visitation upon a recommendation from Child's counselor that visitation between Child and Williams may resume.

[3] We decide this case without argument pursuant to Rule 215, SCACR.